1   Schiff Hardin LLP
    Stephen M. Hankins (CSB #154886)
2   shankins@schiffhardin.com
    Bita A. Karabian (CSB #197539)
3   bkarabian@schiffhardin.com
    One Market, Spear Street Tower
4   Thirty-Second Floor
    San Francisco, CA  94105
5   Telephone:    (415) 901-8700
    Facsimile:    (415) 901-8701
6
    Attorneys for Defendant
7   OWENS-BROCKWAY GLASS CONTAINER
    INC.
8
    The Law Offices of Steven R. Jacobsen
9   Catherine R. Douat (CSB #129134)
    901 Clay Street
10  Oakland, CA 94607
    Attorneys for Plaintiff
11  JOSE RODRIGUEZ

12                   UNITED STATES DISTRICT COURT

13                        NORTHERN DISTRICT

14

15  JOSE RODRIGUEZ,                      Case No.  C-07-03630 PJH

16              Plaintiff,               **JOINT CASE MANAGEMENT
                                         STATEMENT**
17  v.
                                         Date:     October 18, 2007
18  OWENS-BROCKWAY GLASS                 Time:     2:00 p.m.
    CONTAINER INC. and DOES 1 to 50,
19
20              Defendants.

21

22          Pursuant to Civil Local Rule 16-9, the parties submit the following joint case management

23  statement:

24          1.    Jurisdiction and Service:  The court has jurisdiction over this matter based on

25  diversity of citizenship.  There are no issues relating to personal jurisdiction or venue.  Owens-

26  Brockway Glass Container Inc. ("Owens") is the only defendant and it has been served and has

27  answered the complaint.

28          2.    Facts:  This is a personal injury action in which plaintiff alleges an Owens

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO          JOINT CASE MANAGEMENT STATEMENT

employee ran over his foot with a forklift. The parties dispute the manner in which the accident occurred and whether plaintiff's or defendant's negligence caused or contributed to the accident. Further, the parties dispute the extent of plaintiff's injuries.

3.    Legal Issues:  The parties dispute whether Owens's employee was negligent in the operation of the forklift.  The parties further dispute whether plaintiff was contributorily negligent.  Lastly, the parties dispute the amount of damages, if any, plaintiff can recover.

4.    Motions:  Other than potential discovery motions and a motion for summary judgment, the parties do not anticipate any motion practice.

5.    Amendment of Pleadings:  The parties currently do not anticipate any amendment to the pleadings.

6.    Evidence Preservation:  Owens has been instructed to maintain all documentary and electronic evidence relevant to the litigation.  Plaintiff will present witness statements and medical evidence.

7.    Disclosures:  The parties will make full and timely disclosures pursuant to Federal Rule of Civil Procedure 26(a) on October 11, 2007.

8.    Discovery:  No discovery has been taken as of the date of this statement.  Owens anticipates serving written discovery on plaintiff on issues of liability and damages.  Owens also anticipates deposing plaintiff.  Lastly, Owens anticipates serving document subpoenas on plaintiff's treating physician(s), deposing plaintiff's treating physician(s), and seeking an independent medical examination.

Plaintiff anticipates conducting the depositions of Owens employees and Owens experts and a site inspection.

The parties anticipate the following amount of written discovery:

Interrogatories:  35

Request for production of documents:  35

Request for admissions:  35

9.    Class Actions:  Not applicable.

10.    Related Cases:  None.

1    11.    Relief:  Plaintiff seeks damages for medical treatment, lost wages, future wage

2    loss, and pain and suffering.  Owens cannot state the basis on which damages should be

3    calculated if liability is established until Owens has had an opportunity to review plaintiff's

4    medical records, depose his treating physicians, and consult with an independent medical

5    examiner.

6    12.    Settlement and ADR:  The parties have stipulated to participating in the Court's

7    mediation program.  Owens will need to depose plaintiff and to review plaintiff's medical records

8    prior to the mediation.

9    13.    Consent to Magistrate Judge for all Purposes:  A declination of consent to

10    assignment to a magistrate judge was filed by one of the parties.

11    14.    Other References:  This case does not appear suitable for reference to binding

12    arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

13    15.    Narrowing Issues:  None at this stage.

14    16.    Expedited Schedule:  While not particularly complex, there is no basis for this case

15    to be given expedited treatment by the Court.

16    17.    Scheduling:

17        • Designation of experts:  60 days before trial

18        • Fact discovery cut off:  90 days before trial

19        • Hearing of dispositive motions:  60 days before trial

20        • Pre-trial conference:  The parties request that all pre-trial dates for filing

21        documents and the conference be in accordance with customary dates pursuant to

22        local rules after setting the trial date.

23        • Trial:  September 2008

24    18.    Trial:  The parties anticipate trial of this matter will require 3-5 court days.  Owens

25    has demanded a jury trial.

26    19.    Disclosure of Non-Party Interested Entities or Persons:  Owens timely filed a

27    Certificate of Interested Entities or Parties in which it identifies its parent corporation, Owens-

28    Illinois, Inc.

20.    Other Matters:  None anticipated at this time.

Dated: October 11, 2007                     Schiff Hardin LLP


                                            By: _____/s/_____
                                                Bita A. Karabian
                                                Attorneys for Defendant
                                                OWENS-BROCKWAY GLASS
                                                CONTAINER INC.


Dated: October 11, 2007                     The Law Offices of Steven R. Jacobsen


                                            By: _____/s/_____
                                                Catherine R. Douat
                                                Attorneys for Plaintiff
                                                JOSE RODRIGUEZ

**CERTIFICATION PURSUANT TO GENERAL ORDER NO. 45, SECTION X**

I, Bita A. Karabian, attest that I have obtained the concurrence of the signatories in the filing of this Joint Case Management Statement and a copy of the signed Joint Case Management Statement is being maintained pursuant to General Order No. 45, section X.


Dated:  October 11, 2007                           /s/
                                              Bita A. Karabian

SF\9019831.1