**STEVEN R. JACOBSEN,** BAR NO. 95246
srj@theaccidentallawyer.com
**BRENDA D. POSADA,** BAR NO. 152480
bdp@theaccidentallawyer.com
**LAW OFFICES OF STEVEN R. JACOBSEN**
**901 CLAY STREET**
**OAKLAND, CALIFORNIA 94607**
**TELEPHONE: (510) 465-1500**

**ATTORNEY FOR PLAINTIFF**
**JOSE RODRIGUEZ**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RODRIGUEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>OWENS-BROCKWAY GLASS CONTAINER, INC., et al.,<br><br>    Defendants. | Case No.: C-07-03630 PJH<br><br>PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CITIZENSHIP OR IMMIGRATION STATUS; MOTION IN LIMINE TO EXCLUDE EVIDENCE OF COLLATERAL PAYMENTS MADE TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>TRIAL DATE: September 22, 2008<br>TIME:    8:30 a.m.<br>LOCATION: Courtroom 3, 17th Floor |

**TO:    ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that plaintiff, JOSE RODRIGUEZ, (hereinafter "plaintiff") submits the following proposed motions in limine for the benefit of the court with respect to any evidentiary rulings. This motion is made under the provisions of Rules 401 and 403 of the Federal Rules of Evidence and is based on the supporting Memorandum of Points and Authorities.

-1-

# I.
## IN LIMINE TO EXCLUDE EVIDENCE OF CITIZENSHIP OR IMMIGRATION STATUS

It is incompetent and irrelevant to this case that plaintiff Jose Rodriguez is or may be a non-citizen of the United States or an immigrant to this country. Any comment on or attempted introduction of evidence of plaintiff's nationality, national origin, citizenship or immigration status will be improper and highly prejudicial to plaintiff.  Even if the court sustained an objection to the evidence at trial, and instructed the jury to disregard it, the evidence would be so prejudicial that plaintiff could not receive a fair trial.

Federal Rule of Evidence 403 allows the Court discretion to exclude evidence which is more prejudicial than probative.  Therefore, plaintiff's citizenship or immigration status has no bearing on the case.  Such evidence would have no purpose but to inflame and prejudice the jury against plaintiff.

## A.
## ARGUMENT

**1. Evidence of immigration status or relating to citizenship is inadmissible since it is irrelevant according to FRE 401.**

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. FRE 401.   Proffered evidence is not relevant if it does not tend to prove or disprove a matter at issue in the case. *See generally U.S. v. Varela-Rivera,* 279 F.3d 1174, 1177 (9th Cir. 2002) (since accused was not charged with conspiracy to distribute drugs, expert testimony relating to structure and method of trafficking was irrelevant and should have been excluded); *Black v. M&W Gear Co.,* 269 F.3d 1220, 1235 (10th Cir. 2001) (alcohol consumption by

decedent was irrelevant and should have been excluded, since it did not rebut evidence that his death was caused by defective product).

Not a single claim or defense at issue in this case relates directly or indirectly to plaintiff's immigration status or his citizenship. These records do not tend to support or disprove any inferences of consequential facts in this action. Furthermore, plaintiff's citizenship or immigration status have no relationship to the credibility of his claim or his credibility as a witness, nor do the records have any possible impeachment value.

Evidence which is not relevant is not admissible. FRE 402. Plaintiff's immigration status has no relevance to this action, even under the liberal admissibility standards of Rule 401. The case of *Rodriguez v. Kline* (1986) 186 Cal.App.3d 1145, 1149 held that a plaintiff's status as a citizen or immigrant is not relevant to a determination of liability. Therefore, no evidence of plaintiff's citizenship, national origin or status as an immigrant is admissible. Plaintiff therefore moves this Court to exclude any and all evidence, references to evidence, testimony or argument relating to plaintiff's immigration status or records relating to citizenship as irrelevant.

**2. Any probative value attached to Plaintiff's Immigration Status is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.**

Even if this Court was to find some conceivable relevance to the issues in this case in plaintiff's immigration status, the Court should still exclude any and all such evidence under its power to exclude evidence where the probative value of the proffered evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. FRE 403.

The immigration status has no apparent relevance to the issues in this case, it follows that any conceivable probative value that this Court may attach to such records must be minimal at best. In employing the balancing test envisioned by Rule 403, it is clear that any probative value given

-3-

these records is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury.

Prejudice is unfair when it has a tendency to suggest a decision by the fact finder on an improper basis, usually, but not necessarily, an emotional basis. *See Old Chief v. U.S.,* 519 U.S. 172, 180, 117 S. Ct. 644, 136 L.Ed. 2d 574 (1997); *U.S. v. Lawrence,* 189 F.3d 838, 842-43 (9th Cir. 1999) (evidence that defendant failed to disclose his marriage of convenience to women he dated was irrelevant to the charges of mail and bankruptcy fraud, and its minimal probative value concerning his credibility was outweighed by the risk of prejudice and was reversible error, because it delivered a "fatal blow to [defendant's] credibility, infecting the jury's ability to make an unbiased assessment of it.").

Any evidentiary use in this case of plaintiff's immigration status or citizenship raises the risk that the jury will decide this case on an improper, emotional basis, and this Court must act to ensure that any private biases of the jurors that could be inflamed by the details of plaintiff's immigration status do not serve as an improper basis of decision in this case. This same rationale applies to the evidentiary use of plaintiff's immigration status relating to wages/income, as a substantial danger exists that revealing such records to the jury will lead to a decision on an improper basis, specifically with respect to any determination of damages. On these grounds, the disputed evidence should be excluded.

Further, the presentation of such evidence to the trier of fact creates a risk of confusing the issues of this case and/or confusing the jury, and such risk substantially outweighs the probative value of the evidence, if any such value can be identified by the Court. Such evidence should not be before the trier of fact. *See Lifshitz v. Walter Drake & Sons, Inc.,* 806 F.2d 1426, 1431-32 (9th Cir. 1986) (in action alleging unfair competition and trademark infringement, district court properly excluded certain evidence arguably showing prior publication of invention similar to plaintiff's

because probative value was outweighed by confusion it would cause jury by raising questions concerning validity of plaintiff's patent, which was not at issue in case).

Presentation of immigration status to the jury, when none of plaintiff's claims regarding liability or damages relate to such history, when none of defendant's defenses relate to such history, when such records have no possible bearing on the credibility of any party or witness to this case, and when such history has no possible impeachment value, can only lead to confusion of the issues for the trier of fact, and cannot be permitted under Rule 403. This Court should exclude all such evidence from trial on these grounds.

### B.
### CONCLUSION

Accordingly, plaintiff requests that this Court for an order admonishing defendants, their counsel and their witnesses not to attempt to introduce such evidence in any form, and not to suggest, comment directly or indirectly on, or refer to the evidence before the jury, without first obtaining the Court's permission. The Court is further requested to direct defendants' counsel to caution, warn and instruct their witnesses not to make any reference to such evidence and to follow the same order.

### II.
### MOTION MADE TO EXCLUDE EVIDENCE OF ANY COLLATERAL PAYMENTS MADE TO PLAINTIFF.

Plaintiff hereby moves this Court, in limine, for an order excluding any and all evidence, reference to evidence, testimony, or argument relating to any payments made to plaintiff, or made on behalf of plaintiff, as a result of the injuries and damages sustained in this case, from any source other than defendant OWENS-BROCKWAY GLASS CONTAINER. It is incompetent and irrelevant to this case that plaintiff is or may be covered by, has received or may in the future receive collateral health, automobile liability, medical payments or disability

insurance, or workers compensation benefits for the injuries and damages suffered by any party as a result of the incident that is the subject of this action. Any comment on or attempted introduction of evidence of the above insurance coverage or lack of coverage, or benefits, will be improper and highly prejudicial to plaintiff. Even if the court sustained an objection to the evidence at trial, and instructed the jury to disregard it, the evidence would be so prejudicial that plaintiff could not receive a fair trial.

This motion is made pursuant to the collateral source rule, which serves, as a matter of public policy, to exclude evidence of collateral benefits or payments made to or on behalf of plaintiff, and is based on the supporting Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such evidence as may be presented prior to or at the hearing of this matter. Subsequent to plaintiff's injury in this case, plaintiff received certain payments and benefits from sources other than defendant.

### A.
### ARGUMENT

**1. Any probative value attached to evidence of collateral source payments is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.**

If an injured plaintiff gets some compensation for the injury from a collateral source such as insurance, that payment is, under the collateral source doctrine, not deducted from the damages that the plaintiff can collect from the tortfeasor. (See 1 Dobbs, Law of Remedies (2d ed. 1993) § 3.8(1), pp. 372-373.) *Lund v. San Joaquin Valley Railroad*, 31 Cal. 4th 1, 8 (2003). In *Lund,* the California Supreme Court reiterated California's commitment to the rule, stating that the collateral source rule is "generally accepted in the United States." *Lund*, 31 Cal. 4th at 8 (internal citation omitted).

Specifically, the *Lund* Court held that "[l]ike the federal courts, California has adopted the collateral source rule . . . [a]nd like the federal courts, California has adopted the closely related principle that, as a general rule, jurors should not be told that the plaintiff can recover compensation from a collateral source." *Lund*, 31 Cal. 4th at 9-10. The Court found that:

> The potentially prejudicial impact of evidence that a personal injury plaintiff received collateral insurance payments varies little from case to case. Even with cautionary instructions, there is substantial danger that the jurors will take the evidence into account in assessing the damages to be awarded to an injured plaintiff. Thus, introduction of the evidence on a limited admissibility theory creates the danger of circumventing the salutary policies underlying the collateral source rule. Admission despite such ominous potential should be permitted only upon a persuasive showing that the evidence sought to be introduced is of substantial probative value.
> *Lund*, 31 Cal. 4th at 10 (citing *Hrnjak v. Graymar, Inc.*, 4 Cal. 3d 725, 732-33 (1971)).

The United States Supreme Court also has visited this issue, and held that as a general matter, "evidence of collateral benefits is readily subject to misuse by a jury. It has long been recognized that evidence showing that the defendant is insured creates a substantial likelihood of misuse. Similarly, we must recognize that the [plaintiff's] receipt of collateral social insurance benefits involves a **substantial likelihood of prejudicial impact.**" *Eichel v. New York Central Railroad Co.,* 375 U.S. 253, 255 (1963) (internal citation, footnote omitted)(emphasis added).

Under California law, presentation of evidence, references to evidence, testimony, and argument relating to these payments from collateral sources is specifically barred under California's common law collateral source rule. *Helfend v. Southern California Rapid Transit District* (1970) 2 Cal.3d 1, and *Hrnjak v. Graymar, Inc.* (1971) 4 Cal.3d 725 have both held that admission of evidence of compensation to plaintiff by his own medical or disability insurance is prejudicial error, where the trial court does not weigh the relevance and probative value of the evidence against the prejudicial impact it is likely to have on jury deliberations.

In assessing plaintiff's damages, it is pure fancy to believe that the jury will not take into consideration any evidence of collateral payments made to, or on behalf of, plaintiff, for an improper and prejudicial purpose. Defendant has absolutely no legitimate use for this information: it forms no element of any claim or defense with respect to either liability or damages, and it does not go to the credibility of any party or witness. Any attempt by defendant to use or refer to this evidence, to elicit testimony or give argument relating to this evidence, would be a clear attempt to taint the jury with this prejudicial information, regardless of any supposed legitimate purpose to which the jury may be permitted to use it. Evidence that a person was or was not insured against a particular loss suffered by another is regarded as both irrelevant and prejudicial to that party. (*Staples v. Hoefke* (1987) 189 Cal.App.3d 1397, 1410-1411.) An exception may be made if the evidence is an integral part of other admissible evidence; however, that exception does not apply to plaintiff in this case.

Any evidence relating to the collateral payments referred to above, made to or on behalf of plaintiff, clearly falls within the purview of this rule, and all such evidence, reference to such evidence, or testimony or argument relating to such evidence must be excluded from this trial, given the substantial likelihood that such evidence would improper prejudicial impact on the jury in this case. Therefore, this motion seeks to exclude from trial any and all evidence, references to evidence, testimony, or argument relating to any payments made or benefits conferred to plaintiff, or payments made or benefits conferred on behalf of plaintiff, from any source other than defendant.

\\\

\\\

**B.**

**CONCLUSION**

Accordingly, plaintiff requests this Court for an order admonishing defendants, their counsel and their witnesses not to attempt to introduce such evidence in any form, and not to suggest, comment directly or indirectly on, or refer to the evidence before the jury, without first obtaining the Court's permission. The Court is further requested to direct defendants' counsel to caution, warn and instruct their witnesses not to make any reference to such evidence and to follow the same order.

Dated: July 29, 2008.                    Respectfully submitted,
                                         LAW OFFICES OF STEVEN R. JACOBSEN

                                         By_____\\s\_____
                                         BRENDA D. POSADA
                                         STEVEN R. JACOBSEN
                                         Attorneys for Plaintiff