Schiff Hardin LLP
Stephen M. Hankins (CSB #154886)
shankins@schiffhardin.com
Sony B. Barari (CSB #243379)
sbarari@schiffhardin.com
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA  94105
Telephone:      (415) 901-8700
Facsimile:      (415) 901-8701

Attorneys for Defendant
OWENS-BROCKWAY GLASS CONTAINER INC.

Steven R. Jacobsen (CSB 95246)
srj@theaccidentallawyer.com
Brenda D. Posada (CSB 152480)
bdp@theaccidentallawyer.com
Law Offices Of Steven R. Jacobsen
901 Clay Street
Oakland, California 94607
Telephone: (510) 465-1500

Attorneys for Plaintiff
Jose Rodriguez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSE RODRIGUEZ,<br><br>          Plaintiff,<br><br>v.<br><br>OWENS-BROCKWAY GLASS CONTAINER, INC. and DOES 1 to 50,<br><br>        Defendants. | Case No.  C-07-03630 PJH<br><br>**PROPOSED JOINT VOIR DIRE QUESTIONS AND JOINT JURY INSTRUCTIONS**<br><br>Trial Date:      September 22, 2008<br>Pretrial Conf.:  August 28, 2008 |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

# I.    PROPOSED JOINT VOIR DIRE

1.    Are you familiar with either of the parties in this case, Jose Rodriguez or Owens-Brockway?

2.    If so, please explain.

3.    Are you familiar with Yandell Trucking?

4.    If so, please explain.

5.    Are you familiar with any of the witnesses in this case:

[LIST WITNESSES HERE]

6.    Plaintiff Jose Rodriguez has the burden of proving each of the elements necessary to establish its claim, as the judge will instruct you at the end of the case.  Is there any reason that you believe you could not follow the instructions and hold plaintiff to its burden of proving each of the elements of its case?

7.    While either party may use circumstantial evidence to prove a point, you must not speculate as to any question presented to you for determination.  Do you think you will have any problem following that instruction?

8.    Have you or a close family member ever worked in the bottle making industry?

9.    If so, for whom, in what capacity, and when?

10.    Have you or a close family member ever worked in the trucking industry?

11.    If so, for whom, in what capacity, and when?

12.    Have you or a close family member ever been certified to operate or operated heavy machinery?

13.    If so, please explain.

14.    Have you or a close family member ever worked around forklifts or in a warehouse or shipping warehouse?

15.    If so, for whom, in what capacity and when?

16.    Have you or a close family member ever worked for a law firm?

17.    Is there anything about the legal process that you have experienced that you

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1   believe would make it difficult for you to decide this case fairly and impartially?

2       18.   Have you or a close family member ever worked in the medical or health-care

3   industry?

4       19.   If so, for whom, in what capacity and when?

5       20.   Have you or a close family member ever been in a car accident?

6       21.   If so, please explain.

7       22.   Have you or a close family member ever had surgery?

8       23.   If so, please explain.

9       24.   Have you or a close family member ever been treated for a foot injury?

10      25.   If so, please explain.

11      26.   Have you or a close family member ever been treated by a podiatrist?

12      27.   If so, please explain.

13      28.   Have you or a close family member ever been injured while at work?

14      29.   If so, did you or your family member ever make a workers-compensation claim?

15      30.   If so, please explain.

16      31.   Have you or anyone close to you know been hurt while on the job?

17      32.   If so, please explain.

18      33.   What is your general attitude about corporations?

19      34.   Have you or anyone close to you ever worked in a truck loading yard?

20      35.   If so, please explain.

21      36.   To what extent should an individual be responsible for complying with safety

22   standards in the workplace?

23      37.   Do you think corporations should be held to a higher standard of care for acting

24   safely than an individual?

25      38.   Please explain:
        39.   Is there anyone here who feels that there should be a set cap on the amount juries

26           may award for pain and suffering and emotional distress?

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO
- 2 -
PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

40.   Does anyone here have any negative personal feelings about immigrants who do not speak English?

41.   There may be an interpreter who will be translating witness testimony into English from the Spanish language. Does anyone here feel that such interpretation would be distracting, irritating or annoying such that it would bias them against that witness?

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**II.     JOINT JURY INSTRUCTIONS**

      The parties, by their undersigned counsel, respectively submit the following proposed jury instructions.

**A.  Proposed Jury Instructions to Which Parties Have Agreed**

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

| PAGE | INSTRUCTION | | | GIVEN MODIFIED REFUSED |
|---|---|---|---|---|
| ___ | 1.1A | Duty of Jury (Court Reads and Provides Written Set of Instructions) | | ___ |
| ___ | 1.1C | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) | | ___ |
| ___ | 1.02 | Statements of Counsel – Stipulation to a Fact – Evidence Stricken Out – Insinuations of Questions | | ___ |
| ___ | 1.03 | Entity Not to Be Prejudiced as Such | | ___ |
| ___ | 1.04 | Concerning Insurance and Insurance Companies | | ___ |
| ___ | 1.2 | Claims and Defenses | | ___ |
| ___ | 1.3 | Burden of Proof–Preponderance of the Evidence | | ___ |
| ___ | 1.6 | What Is Evidence | | ___ |
| ___ | 1.7 | What Is Not Evidence | | ___ |
| ___ | 1.8 | Evidence for Limited Purpose | | ___ |
| ___ | 1.9 | Direct and Circumstantial Evidence | | ___ |
| ___ | 2.01 | Weighing Conflicting Testimony | | ___ |
| ___ | 1.10 | Ruling on Objections | | ___ |
| ___ | 2.21 | Discrepancies in Testimony | | ___ |
| ___ | 1.12 | Conduct of the Jury | | ___ |
| ___ | 1.13 | No Transcript Available to Jury | | ___ |
| ___ | 1.14 | Taking Notes | | ___ |
| ___ | 1.16 | Jury to Be Guided by Official English Translation | | ___ |
| ___ | 1.17 | Use of Interpreters in Court | | ___ |
| ___ | 1.18 | Bench Conferences and Recesses | | ___ |
| ___ | 1.19 | Outline of Trial | | ___ |
| ___ | 2.4 | Deposition in Lieu of Live Testimony | | ___ |
| ___ | 2.7 | Foreign Language Testimony | | ___ |
| ___ | 2.10 | Use of Interrogatories of a Party | | ___ |
| ___ | 2.11 | Expert Opinion | | ___ |
| ___ | 2.41 | Weighing Conflicting Expert Testimony | | ___ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

| | | | | |
|---|---|---|---|---|
| ____ | 2.12 | Charts and Summaries not Received in Evidence | ____ |
| ____ | 2.13 | Charts and Summaries in Evidence | ____ |
| ____ | 400 | Negligence - Essential Factual Elements | ____ |
| ____ | 3.10 | Negligence and Ordinary Care - Definitions | ____ |
| ____ | 3.11 | A Test for Determining the Question of Negligence | ____ |
| ____ | 405 | Plaintiff's Contributory Negligence | ____ |
| ____ | 3.12 | Amount of Caution Varies | ____ |
| ____ | 406 | Apportionment of Responsibility | ____ |
| ____ | 411 | Reliance on Good Conduct of Others | ____ |
| ____ | 413 | Custom or Practice | ____ |
| ____ | 430 | Causation: Substantial Factor | ____ |
| ____ | 406 | Causation: Apportionment of Responsibility | ____ |
| ____ | 1000 | Premises Liability – Essential Factual Elements | ____ |
| ____ | 1001 | Premises Liability – Basic Duty of Care | ____ |
| ____ | 1002 | Extent of Control Over Premises Area | ____ |
| ____ | 1009B | Liability to Employees of Independent Contractors for Unsafe Conditions | ____ |
| ____ | 3900 | Introduction to Tort Damages – Liability Contested | ____ |
| ____ | 3904 | Present Cash Value | ____ |
| ____ | 3924 | No Punitive Damages | ____ |
| ____ | 3925 | Arguments of Counsel Not Evidence of Damages | ____ |
| ____ | 3927 | Aggravation of Preexisting Condition or Disability | ____ |
| ____ | 3930 | Mitigation of Damages (Personal Injury) | ____ |
| ____ | 3932 | Life Expectancy | ____ |
| ____ | 3961 | Duty to Mitigate Damages for Past Lost Earnings | ____ |
| ____ | 3962 | Duty to Mitigate Damages for Future Lost Earnings | ____ |
| ____ | 3964 | Jurors Not to Consider Attorney Fees and Court Costs | ____ |
| ____ | 3.1 | Duty to Deliberate | ____ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO. C-07-03630 PJH

——    3.2            Communication With Court                          ——

——    3.3            Return of Verdict                                ——

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

**Joint Proposed Jury Instruction No. 1.1A**
**DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.1A

_____  GIVEN:

_____  GIVEN AS MODIFIED:

_____  REFUSED:                    _____

_____  WITHDRAWN:                            District Court Judge

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 8 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 1.1C**
**DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

3

4

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

5

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

6

7

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

8

9

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

10

11

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

12

13

Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.1C

14

15

16

17

18

19

20

21

22

23

24    _____    GIVEN:

25    _____    GIVEN AS MODIFIED:

26    _____    REFUSED:

_____

27    _____    WITHDRAWN:

District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 1.02**
**STATEMENTS OF COUNSEL – STIPULATION TO A FACT – EVIDENCE STRICKEN**
**OUT – INSINUATIONS OF QUESTIONS**

3

4

Statements of counsel are not evidence; however, if counsel have stipulated to a fact, or a fact has been admitted by counsel, accept that fact as having been conclusively proved.

5

Do not speculate as to the answers to questions to which objections were sustained or the reasons for the objections.

6

Do not consider any evidence that was stricken; stricken evidence must be treated as though you had never known of it.

7

A suggestion in a question is not evidence unless it is adopted by the answer.  A question by itself is not evidence.  Consider it only to the extent it is adopted by the answer.

8

9

Authority:  BAJI 1.02 (9th Ed.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

_____    GIVEN:

25

_____    GIVEN AS MODIFIED:

26

_____    REFUSED:                    _____

_____    WITHDRAWN:                    District Court Judge

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 10 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 1.03**
**ENTITY NOT TO BE PREJUDICED AS SUCH**

3

4

The fact that a corporation is a party must not prejudice you in your deliberations or in your verdict.

5

6

Do not discriminate between a corporation and natural individuals. Each is a person in the eyes of the law and entitled to the same fair and impartial consideration and to justice by the same legal standards.

7

8

Authority: BAJI 1.03 (9th Ed.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____ GIVEN:

_____ GIVEN AS MODIFIED:

_____ REFUSED:                    _____

_____ WITHDRAWN:                        District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 11 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO. C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 1.04**
**CONCERNING INSURANCE AND INSURANCE COMPANIES**

3

4

There is no evidence before you that the defendant has or does not have insurance for the plaintiff's claim.  Whether insurance exists has no bearing on this case.  You must not discuss or consider it for any purpose.

5

6

Authority:  BAJI 1.04 (9th Ed.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  _____    GIVEN:

25  _____    GIVEN AS MODIFIED:

26  _____    REFUSED:

_____

27  _____    WITHDRAWN:    District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 12 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

**Joint Proposed Jury Instruction No. 1.2**
**CLAIMS AND DEFENSES**

1
2

3          To help you follow the evidence, I will give you a brief summary of the positions of the
parties:

4          The plaintiff, Jose Rodriguez, claims that he was injured due to defendant Owens-Brockway's
5  general negligence in the operation of a forklift and in hiring a person untrained for the job of
operating a forklift.  The plaintiff further claims that defendants negligently maintained the
6  premises.  The plaintiff has the burden of proving these claims.

7          The Owens-Brockway denies those claims and also contends that plaintiff was negligent in
his conduct and that plaintiff's negligence is the cause of the injuries to plaintiff.  Defendant
8  further contends that plaintiff failed to mitigate his damages.  Plaintiff assumed the risk for any
9  damages he may have suffered.  The defendant has the burden of proof on these affirmative
defenses.

10          The plaintiff denies defendant's affirmative defenses.

11

12  Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.2

13

14

15

16

17

18

19

20

21

22

23  _____    GIVEN:
     _____    GIVEN AS MODIFIED:
24  _____    REFUSED:                    _____
25  _____    WITHDRAWN:                        District Court Judge

26

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 13 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 1.3**
**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

3

4

5

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

6

7

Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.3

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    _____    GIVEN:

24    _____    GIVEN AS MODIFIED:

25    _____    REFUSED:                    _____

26    _____    WITHDRAWN:                  District Court Judge

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 14 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

**Joint Proposed Jury Instruction No. 1.6**
**WHAT IS EVIDENCE**

2

3      The evidence you are to consider in deciding what the facts are consists of:

4          1. the sworn testimony of any witness;

5

6          2. the exhibits which are received into evidence; and

7          3. any facts to which the lawyers have agreed.

8

9   Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.6

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   _____     GIVEN:

25   _____     GIVEN AS MODIFIED:

26   _____     REFUSED:                    _____

27   _____     WITHDRAWN:                          District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO
                                - 15 -
                                            PROPOSED JOINT VOIR DIRE QUESTIONS AND
                                            JOINT JURY INSTRUCTIONS
                                            CASE NO.  C-07-03630 PJH

1
2

**Joint Proposed Jury Instruction No. 1.7**
**WHAT IS NOT EVIDENCE**

3
4

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

5
6
7
8

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

9
10
11

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

12
13
14

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

15
16

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

17
18

Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.7

19
20
21
22
23
24
25
26
27
28

_____    GIVEN:

_____    GIVEN AS MODIFIED:

_____    REFUSED:

_____    WITHDRAWN:

_____
District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 16 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

**Joint Proposed Jury Instruction No. 1.8**
**EVIDENCE FOR LIMITED PURPOSE**

2

3

    Some evidence may be admitted for a limited purpose only.

    When I instruct you that an item of evidence has been admitted for a limited purpose, you

4

must consider it only for that limited purpose and for no other.

5

6

Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.8

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    _____    GIVEN:

24    _____    GIVEN AS MODIFIED:

25    _____    REFUSED:                    _____

26    _____    WITHDRAWN:                         District Court Judge

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 17 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 1.9**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3

4

5

6

   Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

7

8

Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.9

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____    GIVEN:

_____    GIVEN AS MODIFIED:

_____    REFUSED:

_____    WITHDRAWN:

_____

District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 18 -

1

2

### Joint Proposed Jury Instruction No. 2.01
### WEIGHING CONFLICTING TESTIMONY

3

4

5

6

7

You are not required to decide any issue based solely upon the number of witnesses that have testified on the opposing sides.  The testimony of one witness worthy of belief is sufficient to prove any fact.  This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side.  It does meant hat you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides.  The final test is not the relative number of witnesses, but the convincing force of the evidence.

8

Authority:  BAJI 2.01 (9th Ed.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    _____    GIVEN:

25    _____    GIVEN AS MODIFIED:

26    _____    REFUSED:                    _____

27    _____    WITHDRAWN:                      District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 19 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 1.10**
**RULING ON OBJECTIONS**

3

4

5

6

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

7

8

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

9

10

Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____    GIVEN:

_____    GIVEN AS MODIFIED:

_____    REFUSED:

_____    WITHDRAWN:

_____

District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 20 -

1

2

**Joint Proposed Jury Instruction No. 2.21**
**DISCREPANCIES IN TESTIMONY**

3

4

5

6

    Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses, if there were any, do not necessarily mean that any witness should be discredited. Failure of recollection is common.  Innocent misrecollection is not uncommon.  Two persons witnessing an incident or a transaction often will see or hear it differently.  You should consider whether a discrepancy pertains to an important matter or only to something trivial.

7

Authority:  BAJI 2.21 (9th Ed.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

_____    GIVEN:

25

_____    GIVEN AS MODIFIED:

26

_____    REFUSED:

27

_____    WITHDRAWN:

_____

District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Joint Proposed Jury Instruction No. 1.12**
**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.12

_____     GIVEN:
_____     GIVEN AS MODIFIED:
_____     REFUSED:                    _____
_____     WITHDRAWN:                              District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 22 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 1.13**
**NO TRANSCRIPT AVAILABLE TO JURY**

3

4

    During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

5

6

    If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

7

Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.13

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

_____    GIVEN:

25

_____    GIVEN AS MODIFIED:

26

_____    REFUSED:                    _____

27

_____    WITHDRAWN:                              District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 23 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 1.14**
**TAKING NOTES**

3

4

    If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

5

6

7

    Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

8

Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.14

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    _____    GIVEN:

25    _____    GIVEN AS MODIFIED:

26    _____    REFUSED:    _____

27    _____    WITHDRAWN:                    District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 24 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 1.16**
**JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION**

3      Languages other than English may be used during this trial.

4      The evidence to be considered by you is only that provided through the official court

5   translators. Although some of you may know Spanish, it is important that all jurors consider the
same evidence. Therefore, you must accept the English translation. You must disregard any

6   different meaning.

7   Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.16

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   _____     GIVEN:

25   _____     GIVEN AS MODIFIED:

26   _____     REFUSED:                    _____

27   _____     WITHDRAWN:                              District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 25 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 1.17**
**USE OF INTERPRETERS IN COURT**

3

4

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

5

Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.17

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    _____    GIVEN:

25    _____    GIVEN AS MODIFIED:

26    _____    REFUSED:

27    _____    WITHDRAWN:

_____

District Court Judge

28

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 26 -

Proposed Joint Voir Dire Questions and
Joint Jury Instructions
Case No.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 1.18**
**BENCH CONFERENCES AND RECESSES**

3

4

5

6

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

7

8

9

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

10

Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.18

11

12

13

14

15

16

17

18

19

20

21

22

23

24    _____    GIVEN:

25    _____    GIVEN AS MODIFIED:

26    _____    REFUSED:

_____

27    _____    WITHDRAWN:

28

District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 27 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 1.19**
**OUTLINE OF TRIAL**

3

4

   Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

5

6

   The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

7

   After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

8

   After that, you will go to the jury room to deliberate on your verdict.

9

Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.19

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    _____    GIVEN:

25    _____    GIVEN AS MODIFIED:

26    _____    REFUSED:                    _____

27    _____    WITHDRAWN:                         District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 28 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 2.4**
**DEPOSITION IN LIEU OF LIVE TESTIMONY**

3

4

    A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

5

6

    You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

7

8

Authority:  Ninth Circuit Civil Model Jury Instruction No. 2.4

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   _____  GIVEN:

25   _____  GIVEN AS MODIFIED:

26   _____  REFUSED:

   _____  WITHDRAWN:

27

                  _____

                        District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 29 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 2.7**
**FOREIGN LANGUAGE TESTIMONY**

3

4

5

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

6

Authority:  Ninth Circuit Civil Model Jury Instruction No. 2.7

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    _____    GIVEN:

25    _____    GIVEN AS MODIFIED:

26    _____    REFUSED:                    _____

27    _____    WITHDRAWN:                         District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 30 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1
2

**Joint Proposed Jury Instruction No. 2.10**
**USE OF INTERROGATORIES OF A PARTY**

3
4
5
6

   Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

7

Authority:  Ninth Circuit Civil Model Jury Instruction No. 2.10

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____     GIVEN:

_____     GIVEN AS MODIFIED:

_____     REFUSED:                    _____

_____     WITHDRAWN:                           District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 31 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 2.11**
**EXPERT OPINION**

3

4

5

     Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

     Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

6

7

8

     An opinion is only as good as the facts and reasons on which it is based. If you find that any such fact has not been proved, or has been disproved, you must consider that in determining the value of the opinion. Likewise, you must consider the strengths and weaknesses of the reasons on which it was based.

9

10

Authority: Ninth Circuit Civil Model Jury Instruction No. 2.11 (modified); BAJI 2.40 (9th ed.) (modified)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

_____     GIVEN:

25

_____     GIVEN AS MODIFIED:

26

_____     REFUSED:     _____

27

_____     WITHDRAWN:          District Court Judge

28

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 32 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO. C-07-03630 PJH

1
2

**Joint Proposed Jury Instruction No. 2.41**
**WEIGHING CONFLICTING EXPERT TESTIMONY**

3
4

In resolving the conflict in the testimony of expert witnesses, you should weigh the opinion of one expert against that of another. In doing this, you should consider the qualifications and believability of each witness, the reasons for each opinion and the matter upon which it is based.

5
6

Authority:  BAJI 2.41 (9th Ed/) (modified)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    _____    GIVEN:

25    _____    GIVEN AS MODIFIED:

26    _____    REFUSED:                    _____

27    _____    WITHDRAWN:                  District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 33 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

**Joint Proposed Jury Instruction No. 2.12**
**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Authority:  Ninth Circuit Civil Model Jury Instruction No. 2.12

_____    GIVEN:

_____    GIVEN AS MODIFIED:

_____    REFUSED:

_____    WITHDRAWN:

_____
District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 34 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 2.13**
**CHARTS AND SUMMARIES IN EVIDENCE**

3

4

5

    Certain charts and summaries may be received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

6

Authority:  Ninth Circuit Civil Model Jury Instruction No. 2.13

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    _____    GIVEN:

25    _____    GIVEN AS MODIFIED:

26    _____    REFUSED:                    _____

27    _____    WITHDRAWN:                          District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 35 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 400**
**NEGLIGENCE - ESSENTIAL FACTUAL ELEMENTS**

3    Jose Rodriguez claims that he was harmed by Owens-Brockway's negligence.    To
establish this claim, Jose Rodriguez must prove all of the following:

4

5    1.  That Owens-Brockway was negligent;
     2.  That Jose Rodriguez was harmed;  and

6    3.  That Owens-Brockway's negligence was a substantial factor in causing Jose
Rodriguez's harm.

7

Authority:  CACI 400 (June 2008 Ed.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

_____    GIVEN:

25

_____    GIVEN AS MODIFIED:

26

_____    REFUSED:              _____

27

_____    WITHDRAWN:              District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 36 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1
2

**Joint Proposed Jury Instruction No. 3.10**
**NEGLIGENCE AND ORDINARY CARE - DEFINITIONS**

3
4

Negligence is the doing of something which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, under circumstances similar to those shown by the evidence.

5

It is the failure to use ordinary or reasonable care.

6
7

Ordinary or reasonable care is that care which persons of ordinary prudence would use in order to avoid injury to themselves or others under circumstances similar to those shown by the evidence.

8
9

You will note that the person whose conduct we set up as a standard is not the extraordinarily cautious individual, nor the exceptionally skillful one, but a person of reasonable and ordinary prudence.

10
11

Authority:  BAJI 3.10 (9th Ed.)

12

13

14

15

16

17

18

19

20

21

22

23

24    _____    GIVEN:

25    _____    GIVEN AS MODIFIED:

_____    REFUSED:                    _____

26    _____    WITHDRAWN:                    District Court Judge

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

**Joint Proposed Jury Instruction No. 3.11**
**A TEST FOR DETERMINING THE QUESTION OF NEGLIGENCE**

One test that is helpful in determining whether a person was negligent is to ask and answer the question whether or not, if a person of ordinary prudence had been in the same situation and possessed of the same knowledge, he would have foreseen or anticipated that someone might have been injured by or as a result of his action or inaction.  If the answer to that question is "yes," and if the action or inaction reasonably could have been avoided, then not to avoid it would be negligence.

Authority:  BAJI 3.11 (9th Ed.)

_____    GIVEN:

_____    GIVEN AS MODIFIED:

_____    REFUSED:                    _____

_____    WITHDRAWN:                         District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 38 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

**Joint Proposed Jury Instruction No. 405**
**PLAINTIFF'S CONTRIBUTORY NEGLIGENCE**

Owens-Brockway claims that Jose Rodriguez's harm was caused in whole or in part by Jose Rodriguez's own negligence. To succeed on this claim, Owens-Brockway must prove both of the following:

      1. That Jose Rodriguez was negligent; and

      2. That Jose Rodriguez's negligence was a substantial factor in causing his harm.

If Owens-Brockway proves the above, Jose Rodriguez's damages, if any, will be reduced by your determination of the percentage of Jose Rodriguez's responsibility. I will calculate the actual reduction.

Authority:  CACI No. 405 (June 2008 Ed.) (Modified)

_____ GIVEN:

_____ GIVEN AS MODIFIED:

_____ REFUSED:

_____ WITHDRAWN:

_____
District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 39 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 3.12**
**AMOUNT OF CAUTION VARIES**

3

4

    The amount of caution required of a person in the exercise of ordinary care depends upon the conditions that are apparent or that should be apparent to a reasonably prudent person under circumstances similar to those shown by the evidence.

5

Authority:  BAJI 3.12 (9th Ed.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____    GIVEN:

_____    GIVEN AS MODIFIED:

_____    REFUSED:

_____    WITHDRAWN:

_____

District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 40 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

**Joint Proposed Jury Instruction No. 406**
**APPORTIONMENT OF RESPONSIBILITY**

    If you find that the negligence of more than one person including Owens-Brockway and Jose Rodriguez was a substantial favor in causing Jose Rodriguez's harm, you must then decide how much responsibility each has by assigning percentages of responsibility to each person listed on the verdict form.  The percentages must total 100 percent.

    You will make a separate finding of Jose Rodriguez's total damages, if any. In determining an amount of damages, you should not consider any person's assigned percentage of responsibility.

    "Person" can mean an individual or a business entity.

Authority:  CACI No. 406 (June 2008 Ed.)

_____    GIVEN:

_____    GIVEN AS MODIFIED:

_____    REFUSED:

_____    WITHDRAWN:

_____
               District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 41 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

**Joint Proposed Jury Instruction No. 411**
**RELIANCE ON GOOD CONDUCT OF OTHERS**

Every person has a right to expect that every other person will use reasonable care, unless he or she knows, or should know, that the other person will not use reasonable care.

Authority:  CACI 411 (June 2008 Ed.)

_____    GIVEN:

_____    GIVEN AS MODIFIED:

_____    REFUSED:

_____    WITHDRAWN:

_____
District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 42 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

**Joint Proposed Jury Instruction No. 413**
**CUSTOM OR PRACTICE**

2

3      You may consider customs or practices in the community in deciding whether Owens-

4   Brockway acted reasonably. Customs and practices do not necessarily determine what a

    reasonable person would have done in Owens-Brockway's situation.  They are only factors for

5   you to consider.

6      Following a custom or practice does not excuse conduct that is unreasonable. You should

    consider whether the custom or practice itself is reasonable.

7

8   Authority:  CACI No. 413 (June 2008 Ed.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   _____   GIVEN:

25   _____   GIVEN AS MODIFIED:

26   _____   REFUSED:        _____

27   _____   WITHDRAWN:                District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 43 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

**Joint Proposed Jury Instruction No. 430**
**CAUSATION: SUBSTANTIAL FACTOR**

2

3      A substantial factor in causing harm is a factor that a reasonable person would consider to

4 have contributed to the harm. It must be more than a remote or trivial factor. It does not have to
be the only cause of the harm.

5      Conduct is not a substantial factor in causing harm if the same harm would have occurred

6 without that conduct.

7 Authority:  CACI No. 430 (June 2008 Ed.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  _____    GIVEN:

25  _____    GIVEN AS MODIFIED:

     _____    REFUSED:                    _____

26  _____    WITHDRAWN:                              District Court Judge

27

28

Schiff Hardin LLP
Attorneys At Law
San Francisco

1

**Joint Proposed Jury Instruction No. 406**
**CAUSATION: APPORTIONMENT OF RESPONSIBILITY**

2

3      Owens-Brockway claims that the negligence of Yandell Truckaway, Inc. was a substantial
factor in causing Jose Rodriguez's harm.  To succeed on this claim,  Owens-Brockway must

4
prove both of the following:

5          1.  That Yandell Truckaway, Inc. was negligent; and

6          2.  That the negligence of Yandell Truckaway, Inc. was a substantial factor in causing
Jose Rodriguez's harm.

7      If you find that the negligence of more than one person including Owens-Brockway and Jose
Rodriguez and Yandell Truckaway, Inc. was a substantial factor in causing Jose Rodriguez's

8
harm, you must then decide how much responsibility each has by assigning percentages of

9
responsibility to each person listed on the verdict form.  The percentages must total 100 percent.

10      You will make a separate finding of Jose Rodriguez's total damages, if any.  In determining
an amount of damages, you should not consider any person's assigned percentage of

11
responsibility.

12

13   Authority:  CACI No. 406 (June 2008 Ed.)

14

15

16

17

18

19

20

21

22

23

24   _____   GIVEN:

25   _____   GIVEN AS MODIFIED:

26   _____   REFUSED:                    _____
                                                     District Court Judge
     _____   WITHDRAWN:

27

28

1

2

**Joint Proposed Jury Instruction No. 1000**
**PREMISES LIABILITY - ESSENTIAL FACTUAL ELEMENTS**

3    Jose Rodriguez claims that he was harmed because of the way Owens-Brockway managed its

4    property. To establish this claim, Jose Rodriguez must prove all of the following:

5        1. That Owens-Brockway owned/leased/occupied/controlled the property;

6        2. That Owens-Brockway was negligent in the use or maintenance of the property;

7        3. That Jose Rodriguez was harmed; and

8        4. That Owens-Brockway's negligence was a substantial factor in causing Jose

Rodriguez's harm.

9

10    Authority:  CACI No. 1000 (June 2008 Ed.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24    _____    GIVEN:

25    _____    GIVEN AS MODIFIED:

26    _____    REFUSED:    _____

27    _____    WITHDRAWN:                    District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 46 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

**Joint Proposed Jury Instruction No. 1001**
**PREMISES LIABILITY - BASIC DUTY OF CARE**

A person who owns property is negligent if he or she fails to use reasonable care to keep the property in a reasonably safe condition.  A person who owns property must use reasonable care to discover any unsafe conditions and to repair, replace, or give adequate warning of anything that could be reasonably expected to harm others.

In deciding whether Owens-Brockway used reasonable care, you may consider, among other factors, the following:

(a) The location of the property;

(b) The type of work conducted on the property;

(c) The likelihood of harm;

(c) The probable seriousness of such harm;

(d) Whether Owens-Brockway knew or should have known of the condition that created the risk of harm;

(e) The difficulty of protecting against the risk of such harm; and

(f) The extent of Owens-Brockway's control over the condition that created the risk of harm.


Authority:  CACI No. 1001 (June 2008 Ed.)(Modified)

_____  GIVEN:

_____  GIVEN AS MODIFIED:

_____  REFUSED:

_____  WITHDRAWN:

District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 47 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

**Joint Proposed Jury Instruction No. 1002**
**EXTENT OF CONTROL OVER PREMISES AREA**

   Jose Rodriguez claims that Owens-Brockway controlled the property involved in Jose Rodriguez's harm, even though Owens-Brockway did not own or lease it.  A person controls property that he or she does not own or lease when he or she uses the property as if it were his or her own.  A person is responsible for maintaining, in reasonable safe condition, all areas he or she controls.


Authority:  CACI No. 1002 (June 2008 Ed.)


_____    GIVEN:

_____    GIVEN AS MODIFIED:

_____    REFUSED:                    _____

_____    WITHDRAWN:                          District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 48 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

**Joint Proposed Jury Instruction No. 1009B**
**LIABILITY TO EMPLOYEES OF INDEPENDENT CONTRACTORS FOR UNSAFE CONDITIONS**

Jose Rodriguez claims that he was harmed by an unsafe condition while employed by Yandell Truckaway, Inc. and working on Owens-Brockway's property.  To establish this claim, Jose Rodriguez must prove all of the following:

    1.  That Owens-Brockway owned the property;

    2.  That Owens-Brockway retained control over safety conditions at the worksite, and its acts contributed to Jose Rodriguez's injuries;

    3.  That Jose Rodriguez was harmed; and

    4.  That Owens-Brockway's conduct was a substantial factor in causing Jose Rodriguez's harm.

Authority:  CACI No. 1009B (June 2008 Ed.)

_____    GIVEN:

_____    GIVEN AS MODIFIED:    _____

_____    REFUSED:    District Court Judge

_____    WITHDRAWN:

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 49 -

1

2

**Joint Proposed Jury Instruction No. 3900**
**INTRODUCTION TO TORT DAMAGES – LIABILITY CONTESTED**

3

4      If you decide that Jose Rodriguez has proved his claim against Owens-Brockway, you also

5  must decide how much money will reasonably compensate Jose Rodriguez for the harm. This
   compensation is called "damages."

6      The amount of damages must include an award for each item of harm that was caused by a

7  Defendant's wrongful conduct, even if the particular harm could not have been anticipated.

8      Jose Rodriguez does not have to prove the exact amount of damages that will provide

9  reasonable compensation for the harm. However, you must not speculate or guess in awarding
   damages.

10     The following are the specific items of damages claimed by Jose Rodriguez:

11     1. Past and future medical expenses.

       To recover damages for past medical expenses, Jose Rodriguez must prove the reasonable
12
   cost of reasonably necessary medical care that he has received.
13
       To recover damages for future medical expenses, Jose Rodriguez must prove the reasonable
14
   cost of reasonably necessary medical care that he is reasonably certain to need in the future.

15     2.  Past and future lost earnings.

16     To recover damages for past lost earnings, Jose Rodriguez must prove the amount of insert
   one or more of the following: income that he has lost to date.
17
       To recover damages for future lost earnings, Jose Rodriguez must prove the amount of insert
18
   one or more of the following: income he will be reasonably certain to lose in the future as a

19 result of the injury.

20 3.  The loss of Jose Rodriguez's ability to earn money.

       To recover damages for the loss of the ability to earn money, Jose Rodriguez must prove the
21
   amount of money he would have been reasonably certain to earn if the injury had not occurred. It
22
   is not necessary that he have a work history.

23 4.  General damages.

24 5.  Past and future physical pain/mental suffering/loss of enjoyment of

25 life/disfigurement/physical impairment/ inconvenience/grief/anxiety/humiliation/emotional
   distress.
26
       To recover for future physical pain/mental suffering/loss of enjoyment of
27
   life/disfigurement/physical impairment/ inconvenience/grief/anxiety/humiliation/emotional

28 distress, Jose Rodriguez must prove that he is reasonably certain to suffer that harm.

       No fixed standard exists for deciding the amount of these damages.  You must use your
   judgment to decide a reasonable amount based on the evidence and your common sense.

       For future physical pain/mental suffering/loss of enjoyment of life/disfigurement/physical

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 50 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1   impairment/ inconvenience/grief/anxiety/humiliation/emotional distress, determine the amount in
2   current dollars paid at the time of judgment that will compensate Jose Rodriguez for future
    physical pain/mental suffering/loss of enjoyment of life/disfigurement/physical impairment/
3   inconvenience/grief/anxiety/humiliation/emotional distress.  This amount should not be further
    reduced to present cash value.
4

5   Authority:  CACI No. 3900, 3903A, 3903C, 3903D, 3905A  (June 2008 Ed.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   _____   GIVEN:

24   _____   GIVEN AS MODIFIED:

25   _____   REFUSED:                    _____

26   _____   WITHDRAWN:                        District Court Judge

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 51 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

**Joint Proposed Jury Instruction No. 3904**
**PRESENT CASH VALUE**

2

3     If you decide that Jose Rodriguez's harm includes future damages for loss of earnings and
future medical expenses, then the amount of those future damages must be reduced to their

4     present cash value. This is necessary because money received now will, through investment,
grow to a larger amount in the future.

5     To find present cash value, you must determine the amount of money that, if reasonably

6     invested today, will provide Jose Rodriguez with the amount of his future damages.

7     You may consider expert testimony in determining the present cash value of future damages.

You will be provided with a table to help you calculate the present cash value.

8

9     Authority: CACI No. 3904 (June 2008 Ed.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24     _____    GIVEN:

25     _____    GIVEN AS MODIFIED:

26     _____    REFUSED:                    _____

27     _____    WITHDRAWN:                        District Court Judge

28

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 52 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO. C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 3924**
**NO PUNITIVE DAMAGES**

3

4

    You must not include in your award any damages to punish or make an example of Owens-Brockway.  Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate Jose Rodriguez for his loss.

5

6

Authority:  CACI No. 3924 (June 2008 Ed.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____     GIVEN:

_____     GIVEN AS MODIFIED:

_____     REFUSED:                    _____

_____     WITHDRAWN:                                District Court Judge

Schiff Hardin LLP
Attorneys At Law
San Francisco

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

**Joint Proposed Jury Instruction No. 3925**
**ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**

2

3     The arguments of the attorneys are not evidence of damages. Your award must be based on
your reasoned judgment applied to the testimony of the witnesses and the other evidence that has

4

been admitted during trial.

5

6     Authority:  CACI No. 3925 (June 2008 Ed.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24     _____     GIVEN:

25     _____     GIVEN AS MODIFIED:

26     _____     REFUSED:                    _____

27     _____     WITHDRAWN:                          District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 54 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

## Joint Proposed Jury Instruction No. 3927
## AGGRAVATION OF PREEXISTING CONDITION OR DISABILTY

3

4

5

Jose Rodriguez is not entitled to damages for any physical or emotional condition that he had before Owens-Brockway's conduct occurred. However, if Jose Rodriguez had a physical or emotional condition that was made worse by Owens-Brockway's wrongful conduct, you must award damages that will reasonably and fairly compensate him for the effect on that condition.

6

Authority:  CACI No. 3927 (June 2008 Ed.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

_____    GIVEN:

24

_____    GIVEN AS MODIFIED:

25

_____    REFUSED:    _____

26

_____    WITHDRAWN:                    District Court Judge

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 55 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

**Joint Proposed Jury Instruction No. 3930**
**MITIGATION OF DAMAGES (PERSONAL INJURY)**

2

3   If you decide Owens-Brockway is responsible for the original harm, Jose Rodriguez is not
4   entitled to recover damages for harm that Owens-Brockway proves Jose Rodriguez could have
    avoided with reasonable efforts or expenditures.

5   You should consider the reasonableness of Jose Rodriguez's efforts in light of the
6   circumstances facing him at the time, including his ability to make the efforts or expenditures
    without undue risk or hardship.

7   If Jose Rodriguez made reasonable efforts to avoid harm, then your award should include
8   reasonable amounts that he spent for this purpose.

9

10  Authority:  CACI No. 3930 (June 2008 Ed.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24  _____    GIVEN:

25  _____    GIVEN AS MODIFIED:

    _____    REFUSED:                    _____
26  _____    WITHDRAWN:                        District Court Judge

27

28

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 56 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1
2

**Joint Proposed Jury Instruction No. 3932**
**LIFE EXPECTANCY**

3
4

If you decide Jose Rodriguez has suffered damages that will continue for the rest of his life, you must determine how long he will probably live. According to *National Vital Statistics Reports*, a 47-year-old male is expected to live another 31.4 years. This is the average life expectancy. Some people live longer and others die sooner.

5
6

This published information is evidence of how long a person is likely to live but is not conclusive. In deciding a person's life expectancy, you should also consider, among other factors, that person's health, habits, activities, lifestyle, and occupation.

7
8

Authority: CACI No. 3932 (June 2008 Ed.)

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24    _____    GIVEN:
25    _____    GIVEN AS MODIFIED:
26    _____    REFUSED:                    _____
27    _____    WITHDRAWN:                  District Court Judge
28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 57 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

**Joint Proposed Jury Instruction No. 3961**
**DUTY TO MITIGATE DAMAGES FOR PAST LOST EARNINGS**

Jose Rodriguez is not entitled to recover damages for economic losses that Owens-Brockway proves Jose Rodriguez could have avoided by returning to gainful employment as soon as it was reasonable for him to do so.

To calculate the amount of damages you must:

        1. Determine the amount Jose Rodriguez would have earned from the job he held at the time he was injured; and

        2. Subtract the amount Jose Rodriguez earned or could have earned by returning to gainful employment.

The resulting amount is Jose Rodriguez's damages for lost earnings.

Authority:  CACI No. 3961 (June 2008 Ed.)

_____    GIVEN:

_____    GIVEN AS MODIFIED:

_____    REFUSED:    _____

_____    WITHDRAWN:            District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 58 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 3962**
**DUTY TO MITIGATE DAMAGES FOR FUTURE LOST EARNINGS**

3

4

   Jose Rodriguez is not entitled to recover damages for future economic losses that Owens-Brockway proves Jose Rodriguez will be able to avoid by returning to gainful employment as soon as it is reasonable for him to do so.

5

6

   If you decide that Jose Rodriguez will be able to return to work, then you must not award him any damages for the amount he will be able to earn from future gainful employment. To calculate the amount of damages you must:

7

8

   1. Determine the amount Jose Rodriguez would have earned from the job he held at the time he was injured; and

9

   2. Subtract the amount Jose Rodriguez is reasonably able to earn from alternate employment.

10

   The resulting amount is Jose Rodriguez's damages for future lost earnings.

11

12

Authority:  CACI No. 3962 (June 2008 Ed.)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____    GIVEN:

_____    GIVEN AS MODIFIED:

_____    REFUSED:

_____    WITHDRAWN:

_____

District Court Judge

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 59 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 3964**
**JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS**

3

4

   You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

5

6

Authority:  CACI No. 3964 (June 2008 Ed.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    _____    GIVEN:

25    _____    GIVEN AS MODIFIED:

26    _____    REFUSED:                    _____

27    _____    WITHDRAWN:                          District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 60 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 3.1**
**DUTY TO DELIBERATE**

3

4

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

5

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

6

7

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

8

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

9

10

11

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

12

Authority:  Ninth Circuit Civil Model Jury Instruction No. 3.1

13

14

15

16

17

18

19

20

21

22

23

24    _____    GIVEN:

25    _____    GIVEN AS MODIFIED:

26    _____    REFUSED:

_____

27    _____    WITHDRAWN:    District Court Judge

28

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 61 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Joint Proposed Jury Instruction No. 3.2**
**COMMUNICATION WITH COURT**

3

4

5

6

7

8

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

9

10

Authority:  Ninth Circuit Civil Model Jury Instruction No. 3.2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

_____    GIVEN:

25

_____    GIVEN AS MODIFIED:

26

_____    REFUSED:

27

_____    WITHDRAWN:

28

_____

District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 62 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

**Joint Proposed Jury Instruction No. 3.3**
**RETURN OF VERDICT**

2

3      A verdict form has been prepared for you. After you have reached unanimous agreement on a

4    verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and

advise the court that you are ready to return to the courtroom.

5

6    Authority:  Ninth Circuit Civil Model Jury Instruction No. 3.3

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    _____    GIVEN:

25    _____    GIVEN AS MODIFIED:

_____    REFUSED:                    _____

26    _____    WITHDRAWN:                         District Court Judge

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 63 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

**B.  Proposed Jury Instructions in Dispute**

| PAGE | INSTRUCTION | | GIVEN MODIFIED REFUSED |
|---|---|---|---|
| ___ | 107 | Witnesses | ___ |
| ___ | 1.11 | Credibility of Witnesses | ___ |
| ___ | 414 | Amount of Caution Required in Dangerous Situations | ___ |
| ___ | 1004 | Obviously Unsafe Conditions | ___ |
| ___ | 8.02 | Unreasonable Risk of Harm - Defined | ___ |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 64 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

**Plaintiff's Proposed Jury Instruction No. 107**
**WITNESSES**

A witness is a person who has knowledge related to this case. You will have to decide whether you believe each witness and how important each witness's testimony is to the case. You may believe all, part, or none of a witness's testimony.

In deciding whether to believe a witness's testimony, you may consider, among other factors, the following:

(a) How well did the witness see, hear, or otherwise sense what he or she described in court?

(b) How well did the witness remember and describe what happened?

(c) How did the witness look, act, and speak while testifying?

(d) Did the witness have any reason to say something that was not true? Did the witness show any bias or prejudice? Did the witness have a personal relationship with any of the parties involved in the case? Does the witness have a personal stake in how this case is decided?

(e) What was the witness's attitude toward this case or about giving testimony?

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Do not make any decision simply because there were more witnesses on one side than on the other. If you believe it is true, the testimony of a single witness is enough to prove a fact.

You must not be biased in favor of or against any witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

Authority: CACI 107 (June 2008 Ed.)

_____    GIVEN:

_____    GIVEN AS MODIFIED:

_____    REFUSED:    _____

_____    WITHDRAWN:    District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 65 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO. C-07-03630 PJH

1
2

**Defendant's Proposed Jury Instruction No. 1.11**
**CREDIBILITY OF WITNESSES**

3
4
5

   In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.
   In considering the testimony of any witness, you may take into account:

6
7

   (1) the opportunity and ability of the witness to see or hear or know the things testified to;

8

   (2) the witness's memory;

9
10

   (3) the witness's manner while testifying;

11

   (4) the witness's interest in the outcome of the case and any bias or prejudice;

12

   (5) whether other evidence contradicted the witness's testimony;

13
14

   (6) the reasonableness of the witness's testimony in light of all the evidence; and

15

   (7) any other factors that bear on believability.

16
17

   The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

18

Authority:  Ninth Circuit Civil Model Jury Instruction No. 1.11

19
20
21
22
23
24
25
26
27
28

_____   GIVEN:

_____   GIVEN AS MODIFIED:

_____   REFUSED:

_____   WITHDRAWN:

_____
District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 66 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Defendant's Proposed Jury Instruction No. 414**
**AMOUNT OF CAUTION REQUIRED IN DANGEROUS SITUATIONS**

3

4

People must be extremely careful when they deal with dangerous items or participate in

5

dangerous activities. Standing and walking in a busy truck loading zone is dangerous in and of

itself. The risk of harm is so great that the failure to use extreme caution is negligence.

6

7

Authority: CACI No. 414 (June 2008 Ed.) (Modified)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    _____    GIVEN:

26    _____    GIVEN AS MODIFIED:

27    _____    REFUSED:                _____

28    _____    WITHDRAWN:                     District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 67 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

2

**Defendant's Proposed Jury Instruction No. 1004**
**OBVIOUSLY UNSAFE CONDITIONS**

3

4

5

    If an unsafe condition of the property is so obvious that a person could reasonably be expected to observe it, then the owner does not have to warn others about the dangerous condition.

6

7

Authority:  CACI No. 1004 (June 2008 Ed.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____    GIVEN:

_____    GIVEN AS MODIFIED:

_____    REFUSED:

_____    WITHDRAWN:

_____
District Court Judge

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 68 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

**Defendant's Proposed Jury Instruction No. 8.02**

2

**UNREASONABLE RISK OF HARM - DEFINED**

3

   A risk of harm is unreasonable if the degree of the risk outweighs the usefulness of a person's

4

conduct.  In balancing risk against usefulness you must consider the extent to which a person's
objectives can be adequately advanced or protected by another and less dangerous course.  A

5

particular risk unreasonable if a person reasonably can accomplish the same result by other

6

conduct which involves less opportunity for harm to others.

7

   In determining whether any act or omission by a person constituted an unreasonable risk of
harm, you should consider all of the surrounding circumstances shown by the evidence.

8

Authority:  BAJI 8.02 (9th Ed.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

_____    GIVEN:

25

_____    GIVEN AS MODIFIED:

26

_____    REFUSED:              _____

27

_____    WITHDRAWN:                    District Court Judge

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 69 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

1

Dated: July 29, 2008

Respectfully submitted:

2

Schiff Hardin LLP

3

4

By: /s/ Stephen M. Hankins

5

Stephen M. Hankins
Attorneys for Defendant
OWENS-BROCKWAY

6

Respectfully submitted,

7

Law Offices of Steve R. Jacobsen

8

9

By:

10

Brenda D. Posada
Attorneys for Plaintiff
JOSE RODRIGUEZ

11

12

13

SF\9197012.1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 70 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO.  C-07-03630 PJH

Dated: July 29, 2008

Respectfully submitted:

Schiff Hardin LLP

By: _____
      Stephen M. Hankins
      Attorneys for Defendant
      OWENS-BROCKWAY

Respectfully submitted,

Law Offices of Steve R. Jacobsen

By: _____
      Brenda D. Posada
      Attorneys for Plaintiff
      JOSE RODRIGUEZ

SF\9197012.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 70 -

PROPOSED JOINT VOIR DIRE QUESTIONS AND
JOINT JURY INSTRUCTIONS
CASE NO. C-07-03630 PJH