Schiff Hardin LLP
Stephen M. Hankins (CSB #154886)
shankins@schiffhardin.com
Brian D. Henri (CSB # 200205)
bhenri@schiffhardin.com
Sony B. Barari (CSB #243379)
sbarari@schiffhardin.com
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA  94105
Telephone:     (415) 901-8700
Facsimile:      (415) 901-8701

Attorneys for Defendant
OWENS-BROCKWAY GLASS CONTAINER INC.

Steven R. Jacobsen (CSB 95246)
srj@theaccidentallawyer.com
Brenda D. Posada (CSB 152480)
bdp@theaccidentallawyer.com
Law Offices Of Steven R. Jacobsen
901 Clay Street
Oakland, California 94607
Telephone: (510) 465-1500

Attorneys for Plaintiff
Jose Rodriguez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RODRIGUEZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>OWENS-BROCKWAY GLASS CONTAINER INC. and DOES 1 to 50,<br><br>　　　　　Defendants. | Case No.  C-07-03630 PJH<br><br>**JOINT PRETRIAL STATEMENT**<br><br>Trial Date:  September 22, 2008<br>Pretrial Conf.:      August 28, 2008 |

　　　　Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, Civil L.R. 16-10(b) and the October 19, 2007 Case Management and Pretrial Order of this Court, Plaintiff Jose Rodriguez and Defendant Owens Brockway Glass Container Inc. jointly submit the following pretrial

statement:

## I. CLAIMS AND DEFENSES WHICH REMAIN TO BE DECIDED

This is a personal injury action involving a truck driver, plaintiff Jose Rodriguez ("Plaintiff"), was 44 years old when he alleges he sustained a crush injury involving right big toe. Plaintiff alleges that on May 16, 2005, he was standing near a forklift driven by an Owens' employee, John Keaney, and that as the forklift backed out of the trailer it ran over his toe. Plaintiff's complaint asserts three causes of action: one for negligent entrustment of a motor vehicle, a second for general negligence, and a third for premises liability with three counts. Plaintiff has agreed to dismiss the second and third counts of the premises liability claim. Thus, the claims that remained to be decided are as follows:

1. Was Owens' operation of the forklift negligent?
2. Did Owens negligently hire a person unfit for the job of operating a forklift?
3. Did Owens negligently maintain its premises?

The defenses which remain to be decided are as follows:

1. Did Plaintiff Rodriguez assume the risk of being injured by his actions?
2. Was Plaintiff Rodriguez contributorily negligent?.
3. Was Plaintiff Rodriguez' employer, Yandell Trucking, responsible for the injury or contributorily negligent?
4. Did Plaintiff Rodriguez fail to mitigate his damages?
5. The extent to which Plaintiff Rodriguez' claimed loss is the result of a preexisting independent and unrelated injuries.

## II. STATEMENT RELIEF SOUGHT, ELEMENTS OF DAMAGES CLAIMED

Plaintiff Rodriguez seeks general and special damages.

1) Medical expenses in the amount of approximately $29,093.46.

2) Future medical treatment/care required, approximately $12,250.

3) Plaintiff Rodriguez past wage loss is approximately $13,598.04.

4) Future loss of earnings is approximately $769,510.80. An additional three months of lost wages will be incurred after the surgery.

5) Plaintiff Rodriguez seeks general damages, pain and suffering for injury and the three future surgeries he will require, in the amount of $250,000.

## III.  UNDISPUTED FACTS TO WHICH THE PARTIES WILL STIPULATE

The following are undisputed facts to which the parties will stipulate:

1. Plaintiff Rodriguez was employed by Yandell Trucking at the time of the incident;

2. Prior to the incident, Plaintiff Rodriguez had made various trips over a period of years to Owens' plant to pick up the glass containers;

3. At Owens' plant trucks were loaded by forklift operators who were employees of Owens and not by the truck drivers;

4. The operator of the forklift involved in the incident was John Keaney;

5. John Keaney was employed by Owens' at the time of the incident;

6. The forklift at issue had four forks allowing the forklift operator to load two pallets of glass containers at a time side by side;

7. At the time of the incident, Plaintiff Rodriguez's truck was nearly loaded and Mr. Keaney had already completely loaded 16 pallets inside the trailer;

8. The loading dock at Owens' plant contains ten loading bays which are all located on one side of the dock;

9. There is only one point of entry and exit from the warehouse to the loading dock for forklifts, a ramp that is located at the one end of the loading dock.

## IV.  DISPUTED FACTS WHICH REMAIN TO BE DECIDED

The following are disputed facts which remain to be decided:

1. How the incident happened;

2. Where the incident occurred;

3. Why the incident occurred;

4. What Plaintiff Rodriguez was doing at the time of the incident;

5. The extent to which Plaintiff Rodriguez has attempted to mitigate its damages

## V. STIPULATIONS REQUESTED OR PROPOSED

The parties stipulate that the authenticity of the following Exhibits be deemed admitted at trial, as there is no dispute as to their authenticity:

1. Plaintiff's medical records, including those from Dr. Eric Nelson.
2. Documents including Plaintiff's personnel file produced by Yandell Trucking
3. Documents produced by Owens relating to the incident.

## VI. DISPUTED POINTS OF LAW CONCERNING LIABILITY AND RELIEF

The disputed points of law concerning liability and relief are set forth below.

1. Whether Plaintiff has made out a negligence case against Owens.
2. Whether Owens has made out a contributory/comparative negligence claim against Plaintiff.
3. Whether Plaintiff assumed the risk of being injured by his actions.
4. Whether Plaintiff has mitigated his claimed damages.

## VII. WHETHER BIFURCATION OR A SEPARATE TRIAL OF SPECIFIC ISSUES IS FEASIBLE AND DESIRED

The parties do not believe that bifurcation or a separate trial of specific issues is warranted in this case.

## VIII. STATUS OF SETTLEMENT NEGOTIATIONS

The parties participated in one mediation session and one settlement conference but were unable to reach a settlement agreement. There have not been any settlement discussions since the settlement conference.

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 4 -

JOINT PRETRIAL STATEMENT
CASE NO. C-07-03630 PJH

| | | |
|---|---|---|
| 1 | Dated: July 29, 2008 | Respectfully submitted, |
| 2 | | Schiff Hardin LLP |
| 4 | | By: /s/ Stephen M. Hankins |
| 5 | | Stephen M. Hankins<br>Bita A. Karabian |
| 6 | | Attorneys for Defendant<br>OWENS-BROCKWAY GLASS<br>CONTAINER INC. |
| 8 | | Respectfully submitted, |
| 9 | Dated: July _____, 2008 | Law Offices of Steve R. Jacobsen |
| 12 | | By:_____<br>Brenda D. Posada<br>Attorneys for Plaintiff<br>JOSE RODRIGUEZ |

SF\9197963.1

| | | |
|---|---|---|
| 1 | Dated: July ____, 2008 | Respectfully submitted, |
| 2 | | Schiff Hardin LLP |
| 4 | | By: _____ |
| 5 | | Stephen M. Hankins |
| | | Bita A. Karabian |
| 6 | | Attorneys for Defendant |
| | | OWENS-BROCKWAY GLASS |
| 7 | | CONTAINER INC. |
| 8 | | Respectfully submitted, |
| 9 | Dated: July 29, 2008 | Law Offices of Steve R. Jacobsen |
| 12 | | By: _/s/ Brenda Posada_____ |
| | | Brenda D. Posada |
| 13 | | Attorneys for Plaintiff |
| | | JOSE RODRIGUEZ |

SF\9197963.1

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

JOINT PRETRIAL STATEMENT
CASE NO. C-07-03630 PJH

Jul 29 2008 4:43PM   HP LASERJET FAX   p.1