1  Schiff Hardin LLP
   Stephen M. Hankins (CSB #154886)
2  shankins@schiffhardin.com
   Brian D. Henri (CSB # 200205)
3  bhenri@schiffhardin.com
   Sony B. Barari (CSB #243379)
4  sbarari@schiffhardin.com
   One Market, Spear Street Tower
5  Thirty-Second Floor
   San Francisco, CA  94105
6  Telephone:     (415) 901-8700
   Facsimile:     (415) 901-8701
7
   Attorneys for Defendant
8  OWENS-BROCKWAY GLASS
   CONTAINER INC.
9

10                     UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12

13  JOSE RODRIGUEZ,                        Case No.  C-07-03630 PJH

14            Plaintiff,                    **DEFENDANT OWENS-BROCKWAY
                                           GLASS CONTAINER INC.'S TRIAL
15  v.                                     BRIEF**

16  OWENS-BROCKWAY GLASS                   Trial Date:       September 22, 2008
    CONTAINER INC. and DOES 1 to 50,       Pretrial Conf.:   August 28, 2008
17
              Defendants.
18

19        Pursuant to this Court's Case Management and Pretrial Order, dated October 19, 2007,

20  defendant Owens Brockway Glass Container Inc. ("Owens") hereby submits its trial brief.

21  I.     **INTRODUCTION**

22        This is a personal injury action involving a truck driver, plaintiff Jose Rodriguez

23  ("Plaintiff"), who claims injury to the big toe on his right foot.  Plaintiff alleges that on May 16,

24  2005, he was standing behind a forklift driven by an Owens' employee, John Keaney, and that, as

25  the forklift backed out of a truck-trailer, it ran over his toe.  Plaintiff's Form Complaint asserts

26  three causes of action for negligence.  Each of Plaintiff's claims fail for at least four reasons.

27        First, Plaintiff cannot establish that Owens had a duty to protect Plaintiff from the acts that

28  caused his claimed injury. Second, the evidence demonstrates that Owens conformed with its

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   required duty of care for the operation of the forklift and hiring of the forklift operator at issue.

2   Third, Plaintiff cannot demonstrate that Owens caused the incident or his injuries. To the

3   contrary, the evidence establishes that Plaintiff and his employer who failed to train him are the

4   parties responsible for the incident and his injuries. Fourth, even if Plaintiff could show that

5   Owens acted wrongfully in some fashion, the evidence will show that Plaintiff assumed the risk

6   of his injuries. Specifically, Plaintiff was aware of the danger of approaching the forklift while it

7   was loading his truck and assumed the risk of injury by approaching it and then turning his back

8   to it anyway. At a minimum, Plaintiff's own negligence contributed to the incident. Finally,

9   Plaintiff has failed to mitigate his damages.

10  **II.    STATEMENT OF FACTS**

11       Owens is a manufacturer of glass containers for use in a variety of applications. At the

12  time of the incident, Plaintiff was a truck driver for Yandell Trucking, making almost daily trips

13  to Owens' Oakland, California plant to pick up shipments of glass containers. Trucks at the

14  Owens plant are loaded by Owens' employees operating forklifts.

15       Owens' loading dock contains multiple bays in a single file configuration and all of the

16  loading bays are on the same side of the loading dock. There is only one point of entry and exit

17  from the warehouse to the loading bay for forklifts. The loading dock is approximately 27 feet

18  wide. Each loading bay contains a metal ramp or plate that is lowered into the truck when it is

19  being loaded or unloaded. Lights alert truck drivers as to when their trucks are being loaded.

20  Further, the plant contains signs cautioning all truck drivers entering it that state: "**Caution Look**

21  **Out For Forklifts**." Plaintiff passed this sign every single time he came to the Owens plant

22  which, again, was on a near-daily basis for years.

23       At the time of the incident there were two forklifts actively working on the loading dock.

24  Owens' employee, John Keaney, was on duty and was loading Martinelli-brand apple cider

25  bottles onto Plaintiff's truck using a forklift with four forks (a traditional forklift contains two

26  forks) which allowed him to load two pallets of freight at a time, side-by-side. The forklift

27  contains an approximately 77-inch wide backrest which is attached to the forks. Each pallet of

28  cider bottles is approximately 44 inches wide. Thus, when loading two pallets side-by-side with a

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 2 -

OWENS-BROCKWAY GLASS CONTAINER INC.'S
TRIAL BRIEF
Case No. C-07-03630 PJH

1   forklift, the load is approximately 88 inches wide.  Plaintiff's truck was approximately 90 to 96

2   inches wide. Therefore, when entering and exiting the truck, the forklift operator has only a few

3   inches of clearance on each side and must be careful not to hit the side of the trailer with the load

4   or blades of the forklift.

5          Mr. Keaney is a certified forklift operator who had been driving forklifts for almost four

6   decades and had a perfect safety record.  In fact, Plaintiff knew Mr. Keaney and testified at his

7   deposition that he considered Mr. Keaney to be a safe and competent forklift operator. *See*

8   Deposition Transcript of Jose Rodriguez ("Rodriguez Depo. Tr.") at 20:6-9.

9          The incident at issue in this lawsuit occurred after Mr. Keaney already had completely

10  loaded 16 pallets of glass containers onto Plaintiff's truck and was in the process of loading the

11  17th and 18th pallets.  Before backing out of the trailer of Plaintiff's truck Mr. Keaney looked

12  behind and did not observe any individuals or other obstructions in his path.  Mr. Keaney then

13  slowly began to back out of Plaintiff's truck, looking in all directions.  Unbeknownst to Mr.

14  Keaney, Plaintiff had approached the trailer while the forklift was inside the trailer and positioned

15  himself where he could not be seen by Mr. Keaney.  To compound matters, despite his knowledge

16  that Mr. Keaney would be backing out of the trailer in his direction and the sound of an active

17  back-up indicator (a beeping noise), Plaintiff turned away from and was not looking at the forklift

18  when he claims the forklift ran over his right big toe.  Plaintiff claims injuries sustained to his toe.

19         In 1991, Plaintiff was injured on his left side and ankle in an industrial injury while

20  working for Spreckles Sugar in Martinez.  That injury is relevant here, because Plaintiff chose to

21  seek surgical treatment for the left ankle in 2006, after his treating doctor had cleared Plaintiff to

22  return to work several times and determined that any injury to Plaintiff's right big toe had been

23  resolved.  Plaintiff does not claim, and no medical provider has linked, the treatment of Plaintiff's

24  preexisting left ankle injury to the incident at Owens.

25  **III.    LEGAL ISSUES**

26       **A.    Legal Standard.**

27         All three of Plaintiff's causes of action claim negligence.  To prevail on his negligence

28  claims, Plaintiff must show that Owens owed him a legal duty, that it breached the duty, and that

1   the breach was a proximate or legal cause of his injuries. *Ericson v. Federal Express Corp.,* 162

2   Cal. App. 4th 1291, 1299-1300 (2008) (*quoting Sharon P. v. Arman Ltd.*, 21 Cal. App. 4th 1181,

3   1188 (1999). Issues regarding "[t]he existence and scope of a duty are questions of law for the

4   court's determination . . . ." *Id.* at 1300. Issues regarding whether the duty was breached and

5   causation are questions of fact for the jury. *Barber v. Chang,* 151 Cal. App. 4th 1456, 1463

6   (2007) (*citing Vasquez v. Residential Investments, Inc.*. 118 Cal. App. 4th 269, 278 (2004)).

7           **B.      Plaintiff's First And Second Causes Of Action For Negligence Are Without
                      Merit.**

8

9           Plaintiff's Complaint alleges that Owens "negligently and carelessly operated the forklift

10  [at issue in this action]  . . ." *See* Complaint. Plaintiff's negligence claim is without merit

11  because he cannot demonstrate that Owens owed a duty to protect him from the incident at issue,

12  that it breached any duty owed to Plaintiff, or that Owens caused the incident at issue. To the

13  contrary, the facts demonstrate that Owens was operating the forklift at issue with appropriate due

14  care. Furthermore, it was not Owens' actions that caused the incident, but rather Plaintiff's own

15  negligence.

16          **1.      The scope of Owens' duty did not encompass preventing the
                      circumstances that caused the incident.**

17

18          "Under general negligence principles and Civil Code section 1714, a person ordinarily is

19  obligated to exercise due care in his or her actions so as to not create an unreasonable risk of

20  injury to others." *McGarry v. Sax,* 158 Cal. App. 4th 983, 994-5 (2008). "Because application of

21  this principal is inherently situational, the amount of care deemed reasonable in any particular

22  case will vary, while at the same time the standard of conduct itself remains constant, *i.e.* due care

23  commensurate with the risk posed by the conduct taking into consideration all relevant

24  circumstances." *Flowers v. Torrance Memorial Hospital Medical Center,* 8 Cal. 4th 992, 997

25  (1994). As demonstrated below, any duty owed by Owens to Plaintiff did not include insuring (a)

26  that he would not stand in an unsafe position nor (b) that Plaintiff pay attention to a forklift

27  moving in his direction.

28          There are several factors that courts should consider in determining the existence and

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OWENS-BROCKWAY GLASS CONTAINER INC.'S
TRIAL BRIEF
Case No. C-07-03630 PJH

scope of a duty of care, including:

> the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.

*Castaneda v. Olsher,* 41 Cal. 4th 1205, 1213 (2007). Here, it was not reasonably foreseeable that Plaintiff would be standing next to the trailer where he was not visible <u>and</u> that he would not be paying attention to the forklift despite his proximity to it. By contrast, the burden on the Plaintiff in this situation was incredibly slight. All that was required of him to avoid the incident was to place himself at a reasonable distance from the forklift, <u>or</u> pay attention to the forklift, <u>or</u> make his presence known to the forklift operator.

Accordingly, given the above-mentioned factors, Owens' duty to Plaintiff did not encompass preventing the acts of Plaintiff that gave rise to this incident. Indeed, as set forth in Civil Code section 1714(a): "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, ***except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself***." (Emphasis added). The facts here demonstrate that the scope of Owens' duty did not include preventing the acts giving rise to the incident and that it was Plaintiff's lack of ordinary care that brought any claimed injury upon himself.

### 2. Owens did not breach its duty of care in its operation of the forklift.

The evidence in this case, including the expert testimony of Paul Herbert, shows that Owens' forklift operator, John Keaney, was exercising due care in his operation of the forklift at the time of the incident. As set forth in Mr. Herbert's report, Mr. Keaney was appropriately concerned with all areas of movement of the forklift – including the direction of travel and the path of his forklift's forward blades as they exited the truck. (*See* Report of V. Paul Herbert at Opinions 1 and 2). Furthermore, Mr. Keaney was a certified and trained forklift driver whose

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

OWENS-BROCKWAY GLASS CONTAINER INC.'S
TRIAL BRIEF
Case No. C-07-03630 PJH

1  operation of the forklift was in compliance with applicable safety regulations.

2  **3.    The incident was caused by Plaintiff and not Owens.**

3  To establish the element of causation, it must be shown that [Owens'] act or omission was

4  a substantial factor in bringing about the injury.  *Padilla v. Rodas,* 160 Cal. App. 4th 742, 752

5  (2008) (*citing Suelzler v. Advanced Group 400,* 25 Cal. 4th 763, 778 (2001)).  Under the

6  substantial factor test set forth in BAJI 3.76, "[a] cause of injury is something that is a substantial

7  factor in bringing about an injury."  However, an "actor's negligent conduct is *not a substantial*

8  *factor* in bringing about harm to another *if the harm would have been sustained even if the actor*

9  *had not been negligent." Viner v. Sweet,* 30 Cal. 4th 1232, 1240 (2003) (quoting Restatement of

10  Torts, § 432 (emphasis added by *Viner* court).

11  Here the incident at issue occurred because Plaintiff positioned himself in an unsafe

12  position and failed to pay proper attention to his surroundings.  Even if Mr. Keaney somehow

13  acted culpably in his operation of the forklift (which he did not), such conduct was not a

14  substantial factor in causing the incident because Plaintiff approached the trailer and forklift in

15  such a way that he was shielded from the forklift operator's view no matter how the forklift

16  operator behaved.  The incident would have occurred regardless of Owens' conduct.[1]

17  **C.    Plaintiff's Negligent-Hiring Claim Is Without Merit.**

18  Although Plaintiff does not plead a specific cause of action for negligent hiring, his

19  Second Cause of Action for general negligence alleges that Owens ". . . negligently hired a person

20  unfit for the job of operating a forklift."  In California, "[a] person conducting an activity through

21  servants or other agents is subject to liability for harm resulting from his conduct if he is negligent

22  or reckless . . . in the employment of improper persons or instrumentalities in work involving risk

23  of harm to others."  *Roman Catholic Bishop of San Diego v. Superior Court,* 42 Cal. App. 4th

24  1556, 1565 (1996) (*quoting* Rest. 2d Agency, § 213).  However,

25  [o]ne who employs another to act for him is not liable . . . merely
    because the one employed is incompetent, vicious, or careless.  If

26

27  [1] At a minimum Plaintiff's own negligent conduct was a concurring cause.  "A cause is concurrent if it was operative at the moment of injury and acted with another cause to produce the injury."  BAJI 3.77.  Clearly Plaintiff's own

28  negligent conduct of approaching the forklift in a dangerous manner and failure to pay attention to the forklift despite his close proximity and the obvious danger was the primary reason for the incident.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

OWENS-BROCKWAY GLASS CONTAINER INC.'S
TRIAL BRIEF
Case No. C-07-03630 PJH

liability results it is because, under the circumstances, the employer has not taken the care a reasonably prudent man would take in selecting the person for the business in hand . . . . Liability results not because of the relation of the parties, *but because the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment.*

*Id.* (*quoting* Rest. 2d Agency, § 213) (emphasis supplied by *Roman Catholic Bishop* court).

Here, Plaintiff cannot possibly meet his burden of proving that Owens' hiring of the forklift operator, John Keaney was negligent or that it has reason to believe that an undue risk of harm would exist by its employment of Mr. Keaney when it hired him. As discussed above, Mr. Keaney had a wealth of experience at the time he was hired by Owens and an unblemished safety record. Accordingly, Plaintiff's negligent-hiring claim must fail.

**D.    Plaintiff's Third Cause Of Action For Premises Liability Is Without Merit.**

Plaintiff's Third Cause of Action is for premises liability. Plaintiff's only factual allegations set forth in the Complaint in support of this cause of action are as follows:   "Plaintiff was picking up glass from defendants when one of defendants (sic) employees ran over the plaintiff with a forklift. The defendant negligently and carelessly maintained the premises such (sic) a forklift ran over the plaintiff and plaintiff was seriously injured." *See* Complaint, Third Cause of Action.

The elements for a cause of action for premises liability on a negligence theory are duty, breach, causation, and damages. *See Ortega v. Kmart Corp.,* 26 Cal. 4th 1200, 1205 (2001). Although Plaintiff alleges that Owens "negligently and carelessly maintained the premises," he fails to allege how.

As set forth in the expert opinion of Paul Herbert, the loading dock at issue was of a safe design. There was only one point of entry and exit for forklifts between the loading dock and the warehouse. Moreover, all of the loading bays were arranged in a row on the same side of the loading dock. Accordingly, it was quite easy for anyone standing on the loading dock to be aware of the forklifts.

**IV.    DEFENSES TO PLAINTIFF'S CAUSES OF ACTION**

The following defenses are at issue in this trial and are applicable to each cause of action.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

OWENS-BROCKWAY GLASS CONTAINER INC.'S
TRIAL BRIEF
Case No. C-07-03630 PJH

**A.    Plaintiff Assumed The Risks Of Injury By Approaching The Forklift While It Was Loading His Vehicle.**

"The defense of assumption of risk is available when there has been a voluntary acceptance of risk, and such acceptance, whether express or implied, has been made with knowledge and appreciation of the risk." *Morton v. California Sports Car Club,* 163 Cal App. 2d 685, 688 (1958). Moreover, a plaintiff's knowledge of risk may be implied from the circumstances. *Id.*

In *Morton,* the plaintiff was injured by a runaway wheel from a race car that struck him when he left the grandstand of a car race to watch it from a corner of the race track where the only protection was a flimsy four-foot fence. The *Morton* court held that Plaintiff could not recover on his negligence cause of action because he assumed the risk of injury. Specifically, the court found that Plaintiff must have been aware of the obvious hazard to which he was subjecting himself, and that "[h]e ignored the hazard in his desire to observe the races from the best (rather than safest) location." *Id.* Furthermore, the *Morton* court held "the fact that defendant may have been negligent in the failing to provide sufficient protection around the course for all spectators is of no consequence since one may assume a risk even though a dangerous condition is caused by the negligence of others." *Id.*

This case is similar to *Morton.* Plaintiff here chose to ignore the obvious hazards of approaching a forklift that was loading his truck and to position himself in an unsafe area so that he could view the loading of his truck from the best rather than the safest position. In so doing, Plaintiff clearly assumed the risk that the forklift might run over his toe. *See Morton, supra,* 163 Cal. App. 2d at 688; *see also Gomes v. Byrne,* 51 Cal. 2d. 418, 421 (1959) (holding salesman plaintiff assumed the risk of being bitten by a dog when he "elected to leave his place of safety on the public sidewalk and enter upon defendant's enclosed property [despite the dangers of defendants barking dog that followed him for 50 feet along the fence]"). Plaintiff's conduct in turning away from the moving forklift only compounded his initial error of placing himself behind the reversing forklift.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

OWENS-BROCKWAY GLASS CONTAINER INC.'S
TRIAL BRIEF
Case No. C-07-03630 PJH

**B.    Any Damages Award Must Be Reduced By Plaintiff's Contributory Negligence.**

"Contributory Negligence is negligence on the part of the plaintiff which, combining with the negligence of the defendant, contributes as a cause in bringing about the injury.  Contributory negligence, if any, on the part of the plaintiff does not bar recovery of the plaintiff against the defendant but the total amount of damages must be reduced by the proportion to the amount of negligence attributable to the plaintiff."  *See* BAJI 3.50.

The evidence will show that Plaintiff did not exercise reasonable care for a truck driver whose vehicle is being loaded on a loading dock with a forklift.  The duty of a pedestrian towards a motor vehicle is set forth in BAJI 5.51 as follows:

> in exercising ordinary care, the pedestrian . . . will be alert to and conscious of the mechanical power [of the vehicle] . . . and of the possible serious consequences from any conflict between a pedestrian and such forces.  The caution required of the pedestrian is measured by the danger or safety apparent to the pedestrian in the conditions at hand, or that would be apparent to a person of ordinary prudence in the same position.

Here, the evidence demonstrates that Plaintiff was standing in a place he should not have been and was not paying attention to a forklift that had only one direction to go – toward him - despite the inherent dangers of the loading dock.  This is especially true given Plaintiff's proximity to the forklift.  Thus it was Plaintiff's own negligence that caused the incident.

**C.    Plaintiff's Employer's Negligence Was A Concurring Cause Of Plaintiff's Injuries.**

Fault also lies with Plaintiff's employer, Yandell Trucking.  The evidence demonstrates that Yandell Trucking has never provided any specific instruction to its drivers, including Plaintiff, as to safety during the loading of their trucks, including:  (i) communication with forklift operators; and (ii) the importance of maintaining a safe distance from forklifts during loading operations.  Because of his employer's shortcomings in failing to maintain reasonable safety standards for its drivers, Plaintiff conducted himself in a dangerous fashion on Owens' premises.

**D.    Plaintiff Has Failed To Mitigate His Damages.**

An injured party must undertake reasonable efforts to mitigate his damages.  Plaintiff has

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

OWENS-BROCKWAY GLASS CONTAINER INC.'S
TRIAL BRIEF
Case No. C-07-03630 PJH

1    failed to mitigate his damages in a number of respects.

2          *First*, Plaintiff failed to follow his doctor's instructions regarding the post-surgical care of

3    his wound and dressings.  This failure to follow doctor's instructions had a detrimental impact on

4    Plaintiff's recovery.

5          *Second*, on December 13, 2005, plaintiff's treating physician advised that he seek

6    employment with either his previous employer or a new employer.  *See* Progress Note from Dr.

7    Eric Nelson, dated December 13, 2005 (Defendant's Ex. 2); Report of Andrew M. O'Brien.

8    Furthermore, on November 3, 2006, Plaintiff's treating physician again encouraged him to return

9    to work and found that Plaintiff "had reached maximum medical improvement [from his right toe

10   injury] on September 11, 2006."  *See* Doctor Nelson's Report, dated November 3, 2006

11   (Defendant's Ex. 2); Report of Andrew M. O'Brien.  Yet, Plaintiff made no effort to seek

12   employment.  Indeed, except for a six-day period, plaintiff has not worked at all since the incident

13   in May 2005.  The one job Plaintiff did take, he quit after six days because he felt the commute

14   was too far from his home.  *See* Rodriguez Depo. Tr., 13:7-19.  Likewise, Plaintiff made no

15   meaningful effort to seek vocational rehabilitation.  *Id.* 59:7-61:3.

16         In addition to the foregoing, Plaintiff's pre-existing injury to his left ankle that – according

17   to Plaintiff – impeded his ability to work as a truck driver, irrespective of his complaints

18   regarding his right toe.  In fact, Plaintiff underwent a surgery on his left ankle on September 29,

19   2006, and his treating physician determined that the only thing preventing Plaintiff from working

20   a that time was his unrelated injury to his left ankle.  *See* Doctor Nelson's Report, dated

21   November 3, 2006 (Defendant's Ex. 2); Report of Andrew M. O'Brien.  As stated above, Plaintiff

22   does not claim and no medical care provider has linked the left ankle condition to the 2005

23   incident at Owens.  Of course, Owens cannot be held liable for any of these other injuries.

24   **V.     CONCLUSION**

25         For all the foregoing reasons, each of Plaintiff's causes of action fail.  Accordingly,

26   judgment should be entered in favor of Owens on each claim.

27

28

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 10 -

OWENS-BROCKWAY GLASS CONTAINER INC.'S
TRIAL BRIEF
Case No. C-07-03630 PJH

1    Dated: July 29, 2008                    Respectfully Submitted,

2                                            Schiff Hardin LLP

3

4                                            By: /s/ Stephen M. Hankins

5                                                Stephen M. Hankins
                                                 Attorneys for Defendant
6                                                OWENS-BROCKWAY GLASS
                                                 CONTAINER INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 11 -

OWENS-BROCKWAY GLASS CONTAINER INC.'S
TRIAL BRIEF
Case No. C-07-03630 PJH

1

**<u>Certificate of Service</u>**

2          The undersigned hereby certifies that all counsel of record who are deemed to have

3 consented to electronic service are being served this 29th day of July, 2008 with a copy of this

4 document via the Court's CM/ECF system.  I certify that all parties in this case that have made an

5 appearance to date are represented by counsel who are CM/ECF participants.

6

7                                      By:     /s/ Brian D. Henri
                                               Brian D. Henri

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 12 -

OWENS-BROCKWAY GLASS CONTAINER INC.'S
TRIAL BRIEF
Case No. C-07-03630 PJH