Schiff Hardin LLP
Stephen M. Hankins (CSB #154886)
shankins@schiffhardin.com
Brian D. Henri (CSB #200205)
bhenri@schiffhardin.com
Sony B. Barari (CSB #243379)
sbarari@schiffhardin.com
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA  94105
Telephone:     (415) 901-8700
Facsimile:      (415) 901-8701

Attorneys for Defendant
OWENS-BROCKWAY GLASS CONTAINER
INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RODRIGUEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>OWENS-BROCKWAY GLASS<br>CONTAINER INC. and DOES 1 to 50,<br><br>                    Defendants. | Case No.  C-07-03630 PJH<br><br>**DEFENDANT OWENS-BROCKWAY GLASS CONTAINER INC.'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE**<br><br>Trial Date:       September 22, 2008<br>Pretrial Conf.:  August 28, 2008 |

### I.  OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF CITIZENSHIP OR IMMIGRATION STATUS

Plaintiff's first Motion in Limine seeks to preclude defendant Owens-Brockway Glass Container Inc. ("Owens") from introducing evidence of Plaintiff's citizenship or immigration status on the grounds that it is not relevant and its probative value is substantially outweighed by the danger of unfair prejduice.  Plaintiff's motion should be denied because, as demonstrated below, the evidence is plainly relevant and necessary for a proper determination of the merits of this case.  Furthermore, there is no prejudice to Plaintiff in the introduction such evidence, and even if there were it is outweighed by the probative value of this evidence.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT OWENS-BROCKWAY GLASS CONTAINER
INC'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE
CASE NO.  C-07-03630 PJH

### A. Evidence Of Plaintiff's Citizenship And Immigration Status Is Plainly Relevant To This Case As Recognized By Plaintiff's Own Legal Authority.

Plaintiff erroneously cites *Rodriguez v. Kline,* 186 Cal. App. 3d 1145, 1149 (1986), for the proposition that "Plaintiff's immigration status has no relevance to this action, even under the liberal admissibility standards of [Fed. R. Evid] Rule 401." *See* Plaintiff's Motion in Limine at 3:9-12. In fact, this case does not address Rule 401 – it is a state court case – and stands for the opposite proposition. Specifically the *Rodriguez* Court held as follows:

> When an individual enters this country in violation of our immigration laws, as respondent candidly conceded he did, he is subject to deportation. [citation omitted]. ***As a consequence, respondent's status unquestionably bore upon the amount of his anticipated future earnings.***

*Id.* at 1147-1148 (emphasis added). Contrary to Plaintiff's assertion, his citizenship and/or immigration status is clearly relevant to this action because it bears upon his earnings – both current and future for the reasons set forth in *Rodriguez.* Indeed, the United States Supreme Court has held that if a plaintiff does not have authorized immigration status, he is not entitled to be awarded back wages or wages that he might have earned for a job that he was incapable of holding under our Immigration laws. *Hoffman Plastic Compounds, Inc. v. NLRB,* 535 U.S. 137, 122 S. Ct. 1275, 1277 (2002). [1]

Next, Plaintiff's citizenship and immigration status are directly relevant to his efforts and abilities to mitigate his damages. For example, if Plaintiff has not taken steps to become legally authorized to work in the United States then he has failed to mitigate his damages. Likewise, as described above, his ability to earn wages and consequently mitigate his damages is significantly affected by the jobs which he was capable of legally holding subsequent to the injury.

Finally, evidence regarding Plaintiff's citizenship and immigration status is relevant to his credibility. Plaintiff indicated on his Employment Eligibility Verification form, which was signed under the penalty of perjury, that he is a citizen of the United States. *See* Employment Eligibility Verification form signed by Plaintiff, dated September 21, 2004, attached as Exhibit A

---

[1] Such evidence is also relevant because the calculation of the duration of damages depends on Plaintiff's place birth, Indeed, it is well known that persons born outside of the United States have different life expectancies from those born in this country and therefore will have different damages calculations.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

DEFENDANT OWENS-BROCKWAY GLASS CONTAINER
INC.'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE
CASE NO. C-07-03630 PJH

to the Declaration of Brian D. Henri ("Henri Decl"). If Plaintiff perjured himself in signing this document, then Owens is entitled to raise this issue with the jury as it will clearly impact Plaintiff's credibility at trial. The same holds true for any false representations by Plaintiff regarding his citizenship and immigration status in subsequent employment applications.

Accordingly, Plaintiff's citizenship and immigration status are plainly relevant to this action and evidence regarding said status should be admitted at trial.

### B. Any Prejudice Does Not Substantially Outweighed The Probative Value Of Plaintiff's Citizenship And Immigration Status

Plaintiff next argues that evidence of his citizenship and immigration status should be excluded pursuant to Rule 403 because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. Specifically, Plaintiff argues – without citation – that "private biases of the jurors could be inflamed by the details of Plaintiff's immigration status." *See* Motion in Limine at 4:13-17. Plaintiff's argument is erroneous. If any jurors have preconceived prejudices against Plaintiff's nationality or origin then Plaintiff will surely seek to exclude those jurors in voire dire. Furthermore, whatever slight risk that remains that a jury will be prejudiced against Plaintiff does not substantially outweigh the significant probative value of this evidence.

### CONCLUSION

For all the foregoing reasons, Plaintiff's motion in limine to exclude evidence of Plaintiff's citizenship and immigration status should be denied.

### II. OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ANY COLLATERAL SOURCE PAYMENTS MADE TO PLAINTIFF

Plaintiff's second motion in limine seeks to preclude "any and all evidence, reference to evidence, testimony, or argument relating to any payments made to plaintiff, or made on the behalf of plaintiff, as a result of the injuries and damages sustained in this case." For the reasons

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 3 -

DEFENDANT OWENS-BROCKWAY GLASS CONTAINER
INC.'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE
CASE NO. C-07-03630 PJH

set forth in Owens' Motion in Limine No. 2, Plaintiff's motion should be denied because only the amounts *actually paid* by Plaintiff or his insurers and accepted by the medical providers as payment in full are relevant and admissible for purposes of calculating past and future medical expenses.  (Rather than restate the arguments set forth in Motion in Limine No 2, Owens refers the Court to the motion in limine and incorporates by reference the arguments raised therein).

The collateral source rule dictates "that if an injured party receives some compensation for his injuries from a source wholly independent of the tortfeasor, such payment should not be deducted from the damages *which the plaintiff would otherwise collect from the tortfeasor*." *Helfend v. So. Cal. Rapid Transit District* (1970) 2 Cal. 3d. 1, 6 (emphasis added); *see also* 6 WITKIN, SUMMARY OF CAL. LAW § 1388 (9th ed. 1988).  The rule is premised on the public policy of

> encouraging citizens to purchase and maintain insurance for personal injuries and for other eventualities.  Courts consider insurance a form of investment, the benefits of which become payable without respect to any other possible source of funds.  If we were to permit a tortfeasor to mitigate damages with payments from plaintiff's insurance, plaintiff would be in a position inferior to that of having bought no insurance, because his payment of premiums would have earned no benefit.  Defendant should not be able to avoid payment of full compensation for the injury inflicted because the victim has had the foresight to provide himself with insurance.

*Helfend*, 2 Cal. 3d at 10.

Based on this definition of, and public policy behind, the collateral source rule, keying the measure of damage for future medical care services on amounts to be paid by Plaintiff's insurer does not trigger the collateral source rule.  To be sure, the *Hanif* opinion clearly establishes that a defendant can seek to prove the *amount* of damages in a insurance beneficiary case without triggering the collateral source rule:  "[W]e note there is no question here that Medi-Cal's payment for all injury-related medical care and services does not preclude plaintiff's recovery from defendant . . . of the amount paid.  This follows from the collateral source rule." *Hanif*, 200 Cal. App. 3d at 639–40.  Thus, in *Hanif*, the court recognized that — as is the case here — while the collateral source rule precludes the defendant from attempting to defeat any recovery by the plaintiff by showing that he had been compensated by some collateral source, the rule does not

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

DEFENDANT OWENS-BROCKWAY GLASS CONTAINER
INC.'S  OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE
CASE NO. C-07-03630 PJH

1  prevent the defendant from proving the amount that truly reflects the "reasonable value" of the
2  damage.

### **CONCLUSION**

For the foregoing reasons, Plaintiff's motion in limine to exclude "any and all evidence, reference to evidence, testimony, or argument relating to any payments made to plaintiff, or made on the behalf of plaintiff, as a result of the injuries and damages sustained in this case" should be denied.

Dated: August 13, 2008                    Respectfully Submitted,

                                          Schiff Hardin LLP


                                          By:        /s/
                                             Stephen M. Hankins
                                             Brian D. Henri
                                             Sony B. Barari
                                             Attorneys for Defendant
                                             OWENS-BROCKWAY GLASS
                                             CONTAINER INC.

## Certificate of Service

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 13th day of August, 2008 with a copy of this document via the Court's CM/ECF system. I certify that all parties in this case that have made an appearance to date are represented by counsel who are CM/ECF participants.

By:  /s/ Brian D. Henri
     Brian D. Henri