1  Schiff Hardin LLP
   Stephen M. Hankins (CSB #154886)
2  shankins@schiffhardin.com
   Brian D. Henri (CSB #200205)
3  bhenri@schiffhardin.com
   Sony B. Barari (CSB #243379)
4  sbarari@schiffhardin.com
   One Market, Spear Street Tower
5  Thirty-Second Floor
   San Francisco, CA  94105
6  Telephone:     (415) 901-8700
   Facsimile:     (415) 901-8701
7
   Attorneys for Defendant
8  OWENS-BROCKWAY GLASS CONTAINER INC.
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

| 13 | JOSE RODRIGUEZ, | Case No.  C-07-03630 PJH |
|---|---|---|
| 14 | Plaintiff, | **DEFENDANT OWENS-BROCKWAY GLASS CONTAINER INC.'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE NO. 3; MOTION IN LIMINE NO. 4 TO EXCLUDE WITNESSES AND EVIDENCE NOT IN PLAINTIFF'S INITIAL DISCLOSURE** |
| 15 | v. | |
| 16 | OWENS-BROCKWAY GLASS CONTAINER INC. and DOES 1 to 50, | |
| 17 | | |
| 18 | Defendants. | Trial Date:     September 22, 2008<br>Pretrial Conf.: August 28, 2008 |

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT OWENS-BROCKWAY GLASS CONTAINER INC'S
OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3;
MOTION IN LIMINE NO. 4
CASE NO.  C-07-03630 PJH

## I. OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3

### A. Introduction.

Plaintiff Jose Rodriguez's ("Plaintiff") late-filed Motion in Limine No. 3, seeks to preclude defendant Owens-Brockway Glass Container Inc. ("Owens") from introducing into evidence certain documents designated by Owens as trial exhibits and then included in its supplemental disclosures. Specifically, Plaintiff seeks to exclude forklift certification records of John Keaney and a photograph of signage at the location of the incident.

Plaintiff's motion is without merit. Plaintiff's argument that the documents were not timely disclosed by Defendant is belied by the fact that Plaintiff himself disclosed at the very same pre-trial exchange numerous witnesses and documents never before disclosed in this case. Owens' pre-trial disclosures were in fact made timely and in compliance with the requirements of the Federal Rules of Civil Procedure.

### B. Argument.

1. The Supplemental Disclosure Was Timely: Plaintiff and Defendant Both Supplemented Their Initial Disclosures in this Case with their Pre-Trial Submissions.

Plaintiff's primary argument is that Owens's supplemental disclosure (which merely disclosed the documents that Owens had previously designated in pre-trial submissions) should be disallowed because all of the information was available to Owens and should have been disclosed sooner in Owens's initial disclosures. The argument ignores the purpose of supplemental disclosures – to add to prior disclosures information that the party intends to rely on at trial as that information is discovered and as the claims and defenses in the case evolve.

Plaintiff himself took advantage of this rule by designating for trial numerous witnesses and exhibits never before disclosed by Plaintiff in its own initial disclosures dated October 7, 2007. *See* Declaration of Stephen M. Hankins ("Hankins Dec."), Ex. A. In fact, Plaintiff disclosed *no witnesses* in its Rule 26(a)(1) initial disclosures. *Id.* Then, on July 29, Plaintiff identified 28 witnesses, all for the first time. *See* Plaintiff's Witness List, (Hankins Dec. Ex. B). Likewise, Plaintiff identified and produced for the first time on July 29, 2008 15 Photographs of Plaintiff's body, purportedly taken 10-25-05, of which Defendant had no prior knowledge, despite

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

DEFENDANT OWENS-BROCKWAY GLASS CONTAINER INC'S
OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3;
MOTION IN LIMINE NO. 4
CASE NO. C-07-03630 PJH

the fact that Defendant specifically requested them in its Request for Production of Documents to Plaintiff, Set Two, served on Plaintiff in February, 2008. *See* Hankins Dec. Ex. C (Request for Production No. 9) requesting of Plaintiff, "Please produce any photographs, films, or videotapes depicting any place or thing concerning the Incident taken at any time" and Ex. D (Plaintiff's Response). Most significant, Plaintiff designated as Trial Exhibit 1 a videotape taken of Owens's premises years after the incident which had been the subject of numerous discovery requests by Owens. *See* Hankins Exs. C and D (discovery request and responses) and Ex. E (meet and confer correspondence). Inexplicably, the video was not produced until July 21, 2008. *See* Hankins Dec. ¶ 10.

Put simply, Plaintiff's hands are not clean in raising its objection to the timeliness of Owens's supplemental disclosures or trial exhibits. Both parties supplemented their initial disclosures with their pre-trial disclosures. Indeed, Plaintiff himself designated the very records he now seeks to exclude in his own Final Exhibit List, Exhibit 12: "Training records of John Keaney." *See* Plaintiff's Exhibit List, p. 2. (Hankins Dec. Ex. F).

Finally, as set forth in the Hankins Declaration, Owens's disclosures were timely: Owens produced Mr. Keaney's certification immediately after it received it from him (he is retired) and after it was clear Plaintiff was taking the position that Mr. Keaney had not been adequately trained. It produced the photograph after a recent site inspection. In general, Owens supplemented all of its disclosures upon discovery of the documents and their relevance to the claims and defenses of the case. *See* Hankins Dec. ¶ 11.[1]

For these reasons alone, Plaintiff's Motion in Limine No. 3 should be denied.

        2.    Plaintiff Was Not Surprised by the Disclosure But in Fact Knew of the Keaney Training and Failed to Propound Discovery Regarding it.

Plaintiff's motion is also misplaced because of Plaintiff's own failure to undertake discovery in this case on the very topic upon which Plaintiff now claims ambush. In particular, Plaintiff *never* requested production of any documents pertaining to signage at the Owens facility

---

[1] In fact, Owens has proposed limited additional discovery following the parties' pretrial disclosures which it would seem is the most appropriate course of action in these circumstances.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

DEFENDANT OWENS-BROCKWAY GLASS CONTAINER INC'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3; MOTION IN LIMINE NO. 4
CASE NO. C-07-03630 PJH

1  or to Mr. Keaney's training and certifications.

2      Plaintiff was made abundantly and specifically aware of Mr. Keaney's forklift

3  certification during Plaintiff's deposition of Mr. Keaney on January 10, 2008.  First:

4      Q:  (By Ms. Douat)  When were you last certified?

5      A:  I think 2000 or 2003.  I have done it twice since I have been at Owens.

6

7  *See* John Keaney Deposition TR at 8:17-19, Hankins Dec., Ex. G.

8      And again:

9      Q:  When did you first receive certification as a forklift driver?

10     A:  I would say between '93 or '4 and maybe '99.  I don't know.  From Owens, I don't know.  I have the cards at home.  I save all

11 that stuff, but I don't know offhand.

12     Q:  Well, we can request those, and you can get those to us.

13     A:  Yeah.

14 *Id*. at 9:16-24.

15     And again:

16     Q:  Where did you receive your certification?

17     A:  I believe I received it at JI Case, as well as at Owens-Brockway Company.  I'm pretty sure I did it for every company I worked for,

18 but for sure twice, I believe, at JI Case Tractor Parts in San Leandro.

19

20     Q:  And do you have your certification with you today?

21     A:  No, I didn't bring it.  I would have if I would have known I needed to.  I have it at home.

22 *Id*. at 8:3-15.

23     And again:

24     Q:  What year did you go to work for Owens-Brockway?

25     A:  'Ninety-two.  I went to work for Owens six months after I got laid off from JI Case.

26

27     Q:  You were twice certified at Owens-Brockway?

28     A:  I think I was.  Again, I'm not sure, but I think so.  I think so.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

DEFENDANT OWENS-BROCKWAY GLASS CONTAINER INC'S
OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3;
MOTION IN LIMINE NO. 4
CASE NO. C-07-03630 PJH

1  *Id*. at 17:21-18:2.

2  And again:

3  Q:  So you went back to driving a forklift?

4  A:  Yes.

5  Q:  And were you recertified after 1999?

6  A:  You know, I think I was.  I think I was, yeah.  I think I was.

7  *Id*. at 24:16-20.  As early as January 10, 2008 then, when Mr. Keaney's deposition was taken,

8  Plaintiff was well aware of Mr. Keaney's forklift training and certifications, as well as the dates

9  for those certifications.  Such information was clearly also available to Plaintiff's expert long

10 before expert reports were due.  In fact, Plaintiff's expert, Mr. Jasinsky, specifically states that he

11 used Mr. Keaney's deposition in preparing his expert report.  *See* Expert Report of Mr. Jasinsky,

12 p. 1 (Hankins Dec. Ex. H).

13 Despite this knowledge, Plaintiff failed to propound *any* discovery upon Defendant or on

14 Mr. Keaney on the issue.  As such, even if the Court somehow finds that Defendant failed to

15 disclose or supplement Mr. Keaney's forklift training and certification pursuant to Rule 26(a) or

16 (e), such failure must be considered harmless in light of Plaintiff's early awareness of and failure

17 to propound discovery regarding Mr. Keaney's forklift certification. Similarly, Plaintiff never

18 inspected the loading dock where the incident occurred and where the sign recently photographed

19 by Owens for trial, is hung.  Such evidence cannot therefore be excluded pursuant to Fed. R. Civ.

20 P. 37 (c)(1).

21 For these additional reasons, Plaintiff's Motion in Limine No. 3 should be denied.

22 **II.   DEFENDANT'S MOTION IN LIMINE NO. 4 TO PRECLUDE WITNESSES AND
        EVIDENCE NOT DISCLOSED IN PLAINTIFF'S INITIAL DISCLOSURES**
23

24 In the event the Court entertains Plaintiff's late-filed Motion in Limine No. 3 and grants it,

25 then the same action must be taken to the delayed disclosure by Plaintiff of witnesses and exhibits

26 in this case.  These inexplicably late disclosures include: (1) All of Plaintiff's witnesses; (2) 15

27 Photographs of Plaintiff's injury taken 10-25-05; and (3) A videotape purportedly of Owens'

28 dock and dated February 16, 2006.  None of these items had been disclosed or produced by

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

DEFENDANT OWENS-BROCKWAY GLASS CONTAINER INC'S
OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3;
MOTION IN LIMINE NO. 4
CASE NO. C-07-03630 PJH

1  Plaintiff prior to the July 2008 pretrial exchanges.  If Plaintiff's argument holds and such
2  disclosures are untimely and prejudicial, then Owens is entitled to the same relief and a leveling
3  of the playing field accorded to Plaintiff.

6  Dated: August 15, 2008                              Respectfully Submitted,

7                                                      Schiff Hardin LLP

9                                                      By:       /s/
                                                           Stephen M. Hankins
10                                                         Brian D. Henri
                                                           Sony B. Barari
11                                                         Attorneys for Defendant
                                                           OWENS-BROCKWAY GLASS
12                                                         CONTAINER INC.

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

DEFENDANT OWENS-BROCKWAY GLASS CONTAINER INC'S
OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3;
MOTION IN LIMINE NO. 4
CASE NO. C-07-03630 PJH

**Certificate of Service**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 15th day of August, 2008 with a copy of this document via the Court's CM/ECF system. I certify that all parties in this case that have made an appearance to date are represented by counsel who are CM/ECF participants.

By: /s/ Stephen M. Hankins
Stephen M. Hankins

SF\9211645.2

Schiff Hardin LLP
Attorneys At Law
San Francisco

- 7 -

DEFENDANT OWENS-BROCKWAY GLASS CONTAINER INC'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3; MOTION IN LIMINE NO. 4
CASE NO. C-07-03630 PJH